Strafford,
No. 4333.

IN RE HERBERT L. MOORE.

Argued September 7, 1954.
Decided September 30, 1954.

*Louis C. Wyman*, Attorney General, *Richard C. Duncan*, Assistant Attorney General, and *John M. Brant*, county solicitor (*Mr. Duncan* orally), for the State.

*McCabe & Fisher* (*Mr. Fisher* orally), for the defendant.

BLANDIN, J.   The test to determine whether the defendant's motion to dismiss the petition should be granted because the matter is *res judicata* is to inquire whether the issue now raised was decided at the hearing held before the Superior Court in October, 1953. *Laconia Nat. Bank* v. *Lavallee*, 96 N. H. 353. The State argues that it was not because the prior adjudication was "made in a separate proceeding in relation to an alleged crime other than the one for which the [defendant] is now under indictment . . . . " It is true that the alleged crime which resulted in the prior petition and hearing is a different one from the offense upon which the present petition is founded, the original complaint being that the defendant was guilty of "gross lewdness and lascivious behavior" on July 23, 1953, while the present indictment is that he was guilty of an "unnatural and lascivious act . . . in or about the month of May, 1953." It thus appears we have here proceedings between the same parties but based upon a different cause of action. In this situation only the matters directly in issue at the October, 1953, hearing are now *res judicata*. *Laconia Nat. Bank* v. *Lavallee*, 96 N. H. 353, 355, and authorities cited. The State argues that the issue then decided was whether the defendant was on July 23, 1953, or upon the date of the hearing a sexual psychopath, while the question now is whether the defendant "is or is not, and whether he was, in May, 1953, a sexual psychopath . . . . "

The order of October, 1953, determined that the defendant was not then a sexual psychopath. *S. 5 V.* The reserved case states with reference to the proposed hearing on the present petition that "The state has no further evidence nor does it allege any further facts other than what was presented to the court in October, 1953, hearing," when the defendant was found not to

be a sexual psychopath. Were additional facts alleged or was it suggested that other evidence was to be offered, we would have a very different situation. However that is not the case here. The proposal in effect is to force the defendant to submit to a second examination and hearing to decide if he is a sexual psychopath upon the identical facts which the Court, at a hearing at which no exceptions were taken, has found proved he was not a sexual psychopath. Were this procedure to become law no reasons appear why a person could not be compelled in such cases to submit to the harassment of repeated hearings on the same evidence because the State hoped to reverse a prior valid adjudication. It is fundamental that wherever possible, a statute will not be construed so as to lead to oppressive or absurd consequences. *Glover* v. *Baker,* 76 N. H. 393, 413. We believe to so interpret the act as to require a second hearing on the same evidence would be unreasonable and therefore not within the legislative intent. *State* v. *Richardson,* 92 N. H. 178.

Since to order a second examination and hearing against the defendant's objection would be unlawful, he can take no advantage later of the failure to do so in the event of his conviction under the pending indictment. Considering the position he has voluntarily taken here this is entirely just. See *State* v. *Ellard,* 95 N. H. 217, 222. The order is

*Petition dismissed.*

All concurred.