**People of the State of Illinois, Plaintiff-Appellee,
v. Ira Richard Lowe, Jr., Defendant-Appellant.**

Gen. No. 11,021.

Fourth District.

June 10, 1969.

■■■■■

J. Waldo Ackerman, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield, for appellee.

SMITH, J.

The defendant was found guilty in a bench trial for attempted armed robbery and robbery and was sentenced 3–8 years for the attempt and 6–12 years for the robbery. The sentences run concurrently. The State's Attorney filed a petition alleging he believed that the defendant had been diagnosed incompetent recently by phychiatrists and the defendant was examined by two court-appointed psychiatrists. It is the position of the defendant that having presented such a petition the issue should have been adjudicated by the trial court and (1) it was error to permit the State's Attorney to withdraw the petition and (2) the defense in the trial being insanity it was error to permit one of the examining psychiatrists to testify in rebuttal concerning his examination of the defendant pursuant to the order of the court on the question of sanity at the time of the commission of the offense for the reason that it violated the patient-doctor relationship. Neither of these contentions is well founded.

■■ Defendant cites People v. Maynard, 347 Ill 422, 179 NE 833, as authority for the proposition that the State was without authority to withdraw the petition to inquire into the defendant's mental capacity to stand trial. The case cited has no relation to the facts in the case at bar. In Maynard, defendant's own counsel filed a petition asserting that he had been previously adjudicated insane and had been an inmate of the Elgin State Hospital. This petition was withdrawn and the Supreme Court stated this was error on the well known rule that where insanity is proved as existing at a particular time it will be presumed to continue until disproved. Thus there was in the record at the time of

the dismissal of the petition in Maynard a bona fide doubt of the defendant's sanity. In our judgment, the facts in the case at bar are strikingly similar to People v. Bortnyak, 39 Ill2d 545, 237 NE2d 451. In the case at bar, the State filed a petition stating that it had been informed that the defendant had had psychiatric treatment sometime previous to the commission of the alleged crime and asked that his mental competency to stand trial be determined. Two psychiatrists were appointed, examined the defendant and reported that he was competent to cooperate with counsel in his defense and to understand the nature of the offense for which he was charged. When such report was made by the court-appointed psychiatrists, the State then withdrew its petition. Under these circumstances we think it defies ordinary common sense on the part of anybody to reach a conclusion that there was a bona fide doubt of the defendant's sanity or of his ability to cooperate with counsel and understand the nature of the charge against him. No objection was made to the withdrawal of the petition, the defendant proceeded to trial without objection and raised the defense of insanity at the time of the commission of the offense. The psychiatric history of the defendant shown by the record in Bortnyak was much more severe than the mere suggestion here of mental illness. It was there held to be insufficient to raise a bona fide doubt as to the defendant's competency to stand trial. It controls our decision here and there was no error by the trial court in this respect. The suggestion that the court should have proceeded in the matter and entered a formal order is an effort to substitute formalism for fact and it is the fact and not the formalism that determines the rights of the defendant.

■■■ Defendant complains that one of the examining psychiatrists should not have been permitted to testify in rebuttal as to the sanity of the defendant at the time of the commission of the offense after the issue of insanity was raised by and evidence offered by the de-

fendant on his mental status. This, it is said, violates the rights accorded to the defendant in Ill Rev Stats 1967, c 38, § 104–2, which provides in substance that no statement made by an accused in the course of an examination into his competency shall be admitted in evidence against the accused on the issue of guilt in any criminal proceedings. In People v. Williams, 38 Ill2d 115, 121, 230 NE2d 224, 228, the Supreme Court stated:

". . . we interpret the prohibition expressed in the above quoted provision to be limited to 'statements' made by the accused while being examined which are offered for their truth as opposed to statements offered not for their truth but to show defendant's mental condition."

This case fully negates the argument that the purpose of the statute was to encourage defendants to cooperate with a court-appointed psychiatrist. The immunity granted by the statute as interpreted in Williams satisfactorily assures such cooperation.

The last contention that the testimony in rebuttal violated the patient-doctor relationship as it was a confidential communication is likewise without merit. Defendant cites Ill Rev Stats 1967, c 51, § 5.2 on this point. This same section was relied on in People v. English, 31 Ill2d 301, 201 NE2d 455, and the Supreme Court there held that this section does not apply to the psychiatrist-patient privilege where the examination is by a court-appointed physician because such examination does not constitute consultation with the physician in his professional character and does not apply where the court orders a psychiatric examination.

There being no error in this record, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.