Epping Municipal Court
No. 6575

STATE OF NEW HAMPSHIRE

v.

LEONARD WOODMAN

July 30, 1974

*Warren B. Rudman*, attorney general, and *John L. Ahlgren*, attorney, by brief, for the State.

*Leonard Woodman*, pro se, submitted no brief.

PER CURIAM. The defendant is charged under RSA 262:27-a (Supp. 1973) with operating a motor vehicle in this State without a valid license. The title to this chapter reads: "REGISTRATION AND LICENSE FEES; PENALTIES, ETC." RSA 261:13 also forbids any person to operate or allow anyone else under his control to operate a motor vehicle or tractor in this State "unless licensed under the provisions of this title." Title XXI Motor Vehicles.

The defendant is a resident of Hampton, New Hampshire, and operates a tractor trailer-bed business in Massachusetts, where he is required under Massachusetts law to have a commercial Massachusetts license. When arrested in New Hampshire, he was driving a Massachusetts registered truck, had his Massachusetts license on his person, the license stating that his residence was Hampton, New Hampshire. It was admitted that he did not constitute a danger to the traveling public.

The question presented is whether a New Hampshire resident is required to hold a New Hampshire license to operate a commercial vehicle in this State notwithstanding the fact that he holds a Massachusetts commercial license required by Massachusetts law to operate a commercial vehicle in that State. This question was reserved and transferred without ruling by *Richard H. Keefe*, special justice.

The defendant claims that RSA 261:1, which prohibits a person from having more than "one valid operator's license at any time," forbids the issuance to him of any New Hampshire license but allows him to operate here on his Massachusetts license. The title to this statute reads: "License to Operate Motor Vehicles". Pertinent provisions are as fol-

lows: "No person, except those hereinafter expressly exempted shall operate any motor vehicle upon a highway in this state unless such person has a valid license as an operator or commercial operator under the provisions of this chapter. No person shall receive an operator's license unless and until he surrenders to the division all valid operator's licenses in his possession issued to him by any other jurisdiction . . . . No person shall be permitted to have more than one valid operator's license at any time."

The meager legislative history of the 1965 amendment (Laws 1965, ch. 207) which limited a person to one valid license offers scant help except to indicate a desire that New Hampshire participate in a national trend toward a "single license concept" to be issued by the State where the person resides. *See* N.H.S. Jour. 768 (1965).

There are sharp distinctions in license requirements (1) between residents and nonresidents and (2) between drivers of pleasure vehicles and commercial vehicles. RSA 261:17, 18, 19, 20 (Supp. 1973). For example, section 17, entitled "Operating Pleasure Vehicles", reads: "No owner of a pleasure vehicle, and no *nonresident* . . . driver thereof, holding a license to operate in the state . . . in which he resides shall be required to obtain a license to operate such vehicle within this state." (Emphasis added.)

Section 18, entitled "Nonresident Privileges", states: "Whenever a motor vehicle of a *nonresident* may be operated on the ways of this state, without registration, . . . such vehicle may be operated . . . without a license . . . if the operator . . . is duly licensed under the laws of the state, . . . in which the motor vehicle is registered, or has complied fully with the laws of the state where said motor vehicle is registered respecting the licensing of motor vehicle operators; *provided*, that said state . . . grants like privileges to residents of this state." (Emphasis added.)

Section 19, entitled "Special Licenses Not Required", reads as follows: "A nonresident operator of a motor vehicle, who is the holder of a license to operate a motor vehicle in the state . . . in which he resides, shall not be required to obtain a license to operate any pleasure vehicle within this state, *provided* he does not receive pay for such operation."

(Emphasis added.) Section 20 (Supp. 1973) is entitled "Commercial Operator's License". It distinguishes between the licensing requirements for operating numerous classifications such as "light truck, heavy truck, tractor-trailer, bus, etc." It contains certain exemptions applying only to nonresidents.

It appears that were we to adopt the broad construction of RSA 261:1 urged by the defendant, this would conflict with RSA 261:18 and 19. Section 18 exempts only licensed *nonresident* operators from New Hampshire licensing requirements, provided the vehicle is not registered in New Hampshire and if the State where the vehicle is registered "grants like privileges to residents of this state." Therefore, where no reciprocity exists, section 18 obviously would require a nonresident to have a New Hampshire license in addition to a valid license in the State of the vehicle's registration.

Section 19 exempts licensed *nonresidents* from our licensing requirements only if such operators do not receive pay for such operation. Again, if a pleasure vehicle is operated for hire, the obvious intent is to require the nonresident to hold a New Hampshire license.

It is elementary that the legislature should not be presumed to do an "idle and meaningless act" (*Trustees &c. Academy v. Exeter*, 92 N.H. 473, 482, 33 A.2d 665, 671 (1943)), nor one which would lead to an absurd result. *Peterborough Savings Bank v. King*, 103 N.H. 206, 168 A.2d 116, 118 (1961); *In re Moore*, 99 N.H. 209, 211, 108 A.2d 212, 213 (1954). Were we to construe RSA 261:1 as forbidding a New Hampshire resident to hold more than one license of any description, sections 18 and 19 would become either meaningless or contradictory. It is well established that where several statutes deal with the same subject matter, as is the case here, they should be construed, so far as reasonably possible, not to contradict each other. 2A J. Sutherland, Statutory Construction § 51.02 (rev. 3d ed. G. Sands 1973); 82 C.J.S. *Statutes* § 325, at 618-19 (1953).

In all the circumstances, we believe that the "license" referred to in RSA 261:1 is what might be styled a "primary" license, based upon a person's residence. Otherwise, we would be confronted with conflicting and contradictory statutes. In addition, we would attempt to deny reasonable licensing

power to another State for special operations in that State. Our conclusion is that the defendant, a New Hampshire resident, must hold a New Hampshire license to operate in this State. Lacking such, he is in violation of RSA 262:27-a (Supp. 1973).

*Remanded.*