Original
No. 7294

ELEANOR M. KALLOCH

v.

BOARD OF TRUSTEES,
NEW HAMPSHIRE RETIREMENT SYSTEM

July 30, 1976

*Upton, Sanders & Smith (Mr. J. Gilbert Upton* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *James C. Sargent, Jr.,* attorney *(Mr. Sargent* orally), for the defendant.

GRIFFITH, J.   This is a petition for a writ of certiorari seeking review of a decision by the Board of Trustees of the New Hampshire Retirement System denying plaintiff certain optional retirement benefits under RSA 100-A:13 (Supp. 1975).

The plaintiff is the widow of Maurice Kalloch who, prior to his death, was a teacher in the Concord school system and a member of Group I of the New Hampshire Retirement System. On March 27, 1974, having attained the minimum retirement age, Maurice Kalloch filed an application for service retirement benefits specifying May 1, 1974, as his retirement date. In his application, Mr. Kalloch elected to receive retirement allowances under Option 2 of four optional benefit plans available under RSA

100-A:13 (Supp. 1975). He died on April 22, 1974, nine days before the date he had designated for retirement.

Following her husband's death, Mrs. Kalloch applied for benefits under Option 2. On August 14, 1975, the defendant board ruled that she was entitled only to the ordinary death benefit inasmuch as Maurice Kalloch had not made an "effective election" of Option 2 under RSA 100-A:13 (Supp. 1975). Under the ordinary death benefit, Mrs. Kalloch receives $287.22 monthly and under Option 2 she would receive $414.26 per month.

The petition challenges the board's interpretation of RSA 100-A:13 (Supp. 1975), and certiorari will properly lie for this purpose when no other remedy is available to the petitioner. *N.H.-Vt. Physician Serv. v. Durkin,* 113 N.H. 717, 720-21, 313 A.2d 416, 419 (1973); *Cloutier v. State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942).

The question we are asked to decide is whether a member of the retirement system, who is eligible for retirement, is deemed to have made an effective election of optional benefits under RSA 100-A:13 (Supp. 1975) when he dies before the date his application set for retirement. We hold that the board erroneously interpreted RSA 100-A:13 (Supp. 1975) and that the election of Option 2 was effective.

RSA 100-A:13 (Supp. 1975), enacted by Laws 1967, ch. 134, reads as follows: "Optional Allowances. At least thirty days prior to his retirement, any member may elect to convert the retirement allowance otherwise payable on his account after retirement into a retirement allowance of equivalent actuarial value under one of the options named below, which election shall become effective on his date of retirement; provided, however, that no election of an optional benefit shall become effective until sixty days after the date of filing of the election thereof with the retirement board, or until sixty days after retirement, whichever is later, excepting that if the member so electing dies before the expiration of said sixty days, the election shall become effective as of the date of his death."

The parties agree that the language of the statute is perplexing and it appears to present a paradox. It first states before the semicolon that an "election shall become effective on his date of retirement; . . . ." It then goes on to state that the election shall not become effective until sixty days after filing of the election or sixty days after retirement whichever is later. Since the board rules provide that notice of intent to retire may not be filed more than

ninety days prior to the effective date of retirement nor less than thirty days, it follows that sixty days after retirement will always be later than sixty days after the filing of the election. The board argues that because of this, the reference to death "before the expiration of said sixty days" refers only to the sixty days after retirement.

The difficulty with this interpretation is that it renders all of the language following the semicolon meaningless. If the section had stopped with the semicolon, clearly Mrs. Kalloch would not be entitled to the benefit of Option 2 since Mr. Kalloch died before the date of his retirement and the election was not effective until that date. Death following the date of retirement would give Mrs. Kalloch the benefit of the option without the provision for death within the sixty days following retirement.

It is elementary that the legislature should not be presumed to do an idle and meaningless act *(Trustees &c. Academy v. Exeter,* 92 N.H. 473, 482, 33 A.2d 665, 671 (1943)), nor one which would lead to an absurd result. *State v. Woodman,* 114 N.H. 497, 500, 323 A.2d 921, 923 (1974); *Peterborough Savings Bank v. King,* 103 N.H. 206, 209, 168 A.2d 116, 118 (1961); *In re Moore,* 99 N.H. 209, 211, 108 A.2d 212, 213 (1954). If the language used may reasonably be construed to have some purpose and effect, it must be read in that light. *Trustees &c. Academy v. Exeter, supra* at 482, 33 A.2d at 671.

The only possible purpose of the language following the semicolon in the statute would be the acceleration of the effective date of the election of a member who has filed for election but dies before *"his date* of retirement." Assuming this purpose, when a member dies prior to retirement, the period measuring "sixty days after retirement" would not apply to him. If he had filed for retirement, the period measured sixty days from the date of filing would be applicable and thus provide an exception to the otherwise effective dates of election. This interpretation lends significance to a legislative act which otherwise would be without meaning and we therefore adopt it. *Trustees &c. Academy v. Exeter supra.*

Although the attorney general has indicated past administrative practice has adopted the interpretation of the board, we note that N.H. Retirement System Handbook of Information (1970) interprets the statute as we do here and reads as follows: "78. Q. When does an option become effective? A. No election of an optional benefit shall become effective until sixty days after filing the election, except if the member dies before the expiration of the sixty

days, the election of the option becomes effective as of date of death."

*Petition granted.*

All concurred.