New Hampshire Public Employee
Labor Relations Board
No. 7540

STATE EMPLOYEES ASSOCIATION OF NEW HAMPSHIRE, INC.

v.

NEW HAMPSHIRE PUBLIC EMPLOYEE
LABOR RELATIONS BOARD

November 9, 1976

*Cleveland, Waters & Bass* and *Robert T. Clark (Mr. Clark* orally)
for the plaintiff.

*John C. Boeckeler,* by brief and orally, for the defendant.

*McLane, Graf, Greene, Raulerson & Middleton* and *David A. Riggs*
by brief for the New Hampshire Education Association amicus
curiae.

GRIMES, J.   This is an appeal from the decision of the Public
Employee Labor Relations Board which denied plaintiff's peti-
tions for recognition as the exclusive representative of sixteen
State units and the police officers of the Franklin Police Depart-
ment.

By Laws 1975, ch. 490 which established RSA ch. 273-A (Supp. 1975) the legislature completely revised the State's public employee labor relations law, replacing RSA ch. 98-C relating to classified State employees and RSA ch. 105-B relating to police officers. Plaintiff had been certified as the exclusive bargaining representative for the sixteen State units and the Franklin police officers under these prior statutes which RSA ch. 273-A (Supp. 1975) replaced.

Laws 1975, 490:3 provided that

> "Nothing in this chapter shall terminate or modify a bargaining unit, certification of an exclusive representative, or collective bargaining agreement in existence on the effective date of this chapter."

The board stated as grounds for denial the fact that there was no evidence that a signed contract existed prior to December 21, 1975, and the fact that the composition of the bargaining units appeared to be in conflict with the requirements of RSA ch. 273-A (Supp. 1975). The board argues here that three provisions of RSA ch. 273-A (Supp. 1975) are inconsistent with the above-quoted savings clause. They are: RSA 273-A:10 V (Supp. 1975) which provides that "The board shall not certify any employee organization as the exclusive representative of a bargaining unit without an election being held pursuant to this section"; RSA 273-A:8 II (Supp. 1975) which provides that the "board may certify a bargaining unit composed of professional and non-professional employees only if both" vote separately to do so and that persons exercising supervisory authority may not belong to the same unit as the employees they supervise; and RSA 273-A:1 IX (c) (Supp. 1975) which provides that "[p]ersons whose duties imply a confidential relationship to the public employer" are not employees who can organize.

We cannot accept the reasoning of the board because to do so would make the savings or "grandfather" clause meaningless. *Kalloch v. Board of New Hampshire Retirement System,* 116 N.H. 443, 362 A.2d 201 (1976). If only those organizations whose certification resulted from an election pursuant to the provisions of the new statute could be recognized as exclusive representatives, no previously existing organization could qualify because no election

pursuant to the new statute could be held until after its effective date.

Legislative history reveals that the legislature rejected a proposal which would have provided for grandfather clause protection to only "collective bargaining agreement[s] in existence as of January 1, 1975 ....", N.H.S. Jour. 971 (1975), and also a proposal to extend protection only to existing units having a signed contract, N.H.H.R. Jour. 671, 673 (1975). The final version, however, which resulted from a conference committee extended protection to "bargaining units" and any "certification of an exclusive representative" in existence on the effective date of this chapter. Laws 1975, 490:3.

An attorney who was assigned from the speaker's staff to assist the conference committee in negotiating and drafting an acceptable bill stated that the use in the grandfather clause of the phrase "certification of an exclusive representative" was intended to guarantee all unions then representing public employees "the right to continue to do so until they are challenged." He further stated that "certification" was to be construed broadly because not to do so would result in "the calling of far more elections than the drafters intended."

In our opinion, the provisions of the sections relied on by the board which place certain limits on certification apply only to new certifications by the new board and not to certifications which already existed prior to the effective date of the chapter. Such an interpretation would seem to be consistent with the legislative purpose to "foster harmonious and cooperative relations between public employers and their employees, . . ." and to provide an orderly transition from the old system to the new by allowing existing certifications to continue until they are revoked through the election procedure, RSA 273-A:10 and 11 I (b) (Supp. 1975), and by allowing "bargaining units" in existence on the effective date of the chapter also to continue unmodified until valid petitions are filed as provided for in the statute. RSA 273-A:10 (Supp. 1975).

This does not make the earlier certification "immutable" as the board argues. Rather it provides representation for employees until they choose to make a change in the same manner as they are allowed to change exclusive representatives certified by the board under the new act. The fact that some previously estab-

lished bargaining units are inconsistent with the new requirements is the unavoidable consequence of the grandfather clause which expressly states that the act shall not "terminate or modify a bargaining unit" in existence on its effective date. In our opinion, the legislature chose to allow these inconsistencies rather than disrupt the status quo and require all new elections.

We hold, therefore, that the board is required by Laws 1975, 490:3 to grant each of the petitions which are the subject matter of this appeal.

*Remanded.*

BOIS, J., did not sit; the others concurred.