Hillsborough
No. 7789

### The State of New Hampshire

#### v.

### William G. Kupchun

May 27, 1977

*David H. Souter,* attorney general, and *Richard B. McNamara,* of Concord (*Mr. McNamara* orally), for the plaintiff.

*Bruce E. Kenna,* public defender, of Manchester, by brief and orally, for the defendant.

Other counsel of record for defendants similarly situated were invited to file briefs as *amici curiae;* no brief was filed.

LAMPRON, J. Appeal from an order of the Trial Court (*Flynn, J.*) on a motion by the state for access to medical records of defendant's treatment at the state hospital. On March 27, 1970, defendant pleaded not guilty by reason of insanity to the charges of arson and attempted arson. Pursuant to the provisions of RSA 607:4, *now* RSA 651:9 (Supp. 1975), defendant was committed to that hospital "for life until or unless earlier discharged, released, or transferred by due course of law." RSA 651:9 (Supp. 1975).

This court held in *Gibbs v. Helgemoe,* 116 N.H. 825, 367 A.2d 1041 (1976), that such a confinement is subject to the provisions of RSA 651:11-a (Supp. 1975), which requires that a judicial hearing for its renewal be held on or before July 1, 1977, or the original order of commitment shall then become null and void. A hearing to determine whether it would still be dangerous that defendant should go at large was scheduled for May 9, 1977. As the burden is on the state to prove at this hearing that defendant's commitment should be continued, it sought access to medical records of the defendant at the state hospital to meet this requirement.

The trial court granted the prayer of the state's motion that the office of the attorney general be permitted full access to defendant's medical records. The court also stated that: "[T]he physicians and psychologists at the N.H. Hospital may disclose all information which may have any bearing on this defendant's dangerousness or mental condition." A rehearing on defendant's exception to the above orders was held and the orders were reaffirmed. Defendant was granted a stay of execution until his appeal was heard in this court. That hearing was held on May 4, 1977.

By letter dated May 9, 1977, defendant's counsel sought to withdraw his appeal. The state objected and moved that this court should consider the merits because of the importance of the issue involved. On May 16, 1977, this court agreed to hear the merits and ordered the defendant's counsel to file a memorandum by May 20, 1977. In his memorandum, defendant moved that the matter be remanded to the superior court on the ground of mootness. The state has represented that there have been 23 similar hearings scheduled and that the issue here presented will most likely be raised in those cases. We hold that there is a pressing public interest that the

present issue be decided without delay and will do so. *Herron v. Northwood,* 111 N.H. 324, 327, 282 A.2d 661, 663 (1971).

 The issue presented is whether the provisions of RSA 329:26 (Supp. 1975) (physician-patient privilege) and RSA 330-A:19 (psychologist-client privilege) barred the trial court from issuing its orders that the office of the attorney general shall have access to defendant's medical records at the state hospital, and that its physicians and psychologists may disclose all information having a bearing on the defendant's dangerousness or mental condition. We hold that the orders issued by the superior court did not violate these privileges or other rights of the defendant.

 The purpose behind the above privileges is to encourage full disclosure by the patient for the purpose of receiving complete medical and psychiatric treatment. *See In re Lifschutz,* 2 Cal. 3d 415, 421–22, 85 Cal. Rptr. 829, 832–33, 467 P.2d 557, 560–61 (1970). These individuals who have been committed to the state hospital following a plea or a verdict of not guilty by reason of insanity, RSA 651:9 (Supp. 1975), are accorded the same rights to treatment as other patients. RSA 651:11-b (Supp. 1975); RSA 135-B:42 to :46 (Supp. 1975). The confidentiality of their relations and communications with the physicians and psychologists at the hospital must therefore be carefully guarded.

 However, the privileges in question are not absolute and must yield when disclosure of the information concerned is considered essential. *State v. Farrow,* 116 N.H. 731, 366 A.2d 1177 (1976). The legislature has authorized the superior court to commit to the state hospital a defendant who has pleaded guilty by reason of insanity if it will be dangerous for him to go at large. RSA 651:9, :9-a (Supp. 1975). His stay therein is monitored by the superior court. RSA 135:28-a (Supp. 1975). It is the same court to whom the legislature has entrusted the decision of when to release a criminally insane person so confined. *State v. Hesse,* 117 N.H. 329, 377 A.2d 345 (1977); RSA 135:30-a (Supp. 1975).

In order to perform those mandated duties, it is essential that the superior court be presented with the best information available which has a bearing on defendant's dangerousness or mental condition. Without access to the evidence ordered by the trial court

416

in this case, the state would be virtually deprived of the opportunity to present to the superior court the evidence it must have to properly decide whether the defendant's stay in the hospital should be continued.

 The privileges in question did not exist at common law. C. McCormick, Evidence § 98 (2d ed. 1972). It is to be noted that some of the states which have established physician or psychologist-patient privileges by statute have also provided that those privileges do not apply in proceedings to commit or recommit an individual. *See* N.C. Gen. Stat. § 122-8.1(b) (Supp. 1975); Cal. Evid. Code § 1004; Kan. Stat. § 60-427(c)(1); Conn. Gen. Stat. § 52-146f(b) (Supp. 1976); Mass. Gen. Laws Ann. ch. 233, § 20B (a) (Supp. 1977); ALI, Model Code of Evidence Rule 223 (1942). If RSA 329:26 (Supp. 1975) or RSA 330-A:19 were interpreted to prevent the ordered disclosures, the practical result could be that commitments under RSA 651:9 (Supp. 1975) or RSA 651:9-a (Supp. 1975) would be for a duration of two years only. We hold that such a result was not intended by the legislature. *Kalloch v. Board of Trustees*, 116 N.H. 443, 445, 362 A.2d 201, 203 (1976).

 We also hold that the information so obtained shall be used only in hearings before the superior court pertaining to the recommitment of the defendant pursuant to *Gibbs v. Helgemoe*, 116 N.H. 825, 367 A.2d 1041 (1976) and RSA 651:11-a (Supp. 1975) and shall not be used for any other purpose. Except for these proceedings, such information remains privileged in accordance with the provisions of RSA 329:26 (Supp. 1975) and RSA 330-A:19. The trial court may also take whatever further steps it may deem necessary, such as holding a closed hearing, to prevent public disclosure of this information. RSA 135:30-a (Supp. 1975).

 Finally, the office of the attorney general shall not be permitted to disclose any of the information it receives other than to the trial court or by order thereof. Any admissions made by the defendant in the course of his confinement cannot be used against him. Their use is limited to the fact that they were made if they are deemed necessary to formulate opinions on his mental condition or the danger which would result if he was permitted to go at large. *See People v. Lowe*, 109 Ill. App. 2d 236, 248 N.E.2d 530 (1969); *Mastromarino v. Director*, 243 Md. 704, 706, 221 A.2d

910, 911 (1966). The defendant's exceptions are overruled and the court's orders are

*Affirmed.*

All concurred.