Sullivan
No. 78-257

SHELLEY B. HOLLAND & a.

v.

NEW HAMPSHIRE BOARD OF
CHIROPRACTIC EXAMINERS & a.

January 12, 1979

*McLane, Graf, Greene. Raulerson & Middleton*, of Manchester (*Arthur G. Greene* orally), for the plaintiff.

*Perkins, Upshall & Robinson*, of Concord (*Frederick E. Upshall, Jr.* orally), for the New Hampshire Chiropractic Association, intervenor.

*Thomas D. Rath*, attorney general (*Andrew R. Grainger*, assistant attorney general, orally), for the defendants.

GRIMES, J.   The issue in this matter is whether the New Hampshire Board of Chiropractic Examiners (board) is authorized to conduct an oral clinical examination in addition to the written examination required by RSA 316:11 (Supp. 1977).

Plaintiffs are persons who have passed parts one and two of the national examination given by the National Board of Chiropractic Examiners. They brought a petition for mandamus to compel the State board to issue licenses to them without an oral clinical examination. The New Hampshire Chiropractic Association intervened, urging that we rule that the board is authorized to require the oral clinical examination. The board asks for a declaratory judgment upholding its right to conduct oral examinations. The question was transferred without ruling by *DiClerico*, J.

RSA 316:9 (Supp. 1977) provides that each applicant who pays the required fee "shall be entitled to an examination and to a reexamination," and requires that the applicant submit to the board evidence of certain educational, age, character, and citizenship requirements. Section 11 (Supp. 1977) directs the board to give a written examination in certain specified subjects. Section 12 provides that "[e]ach applicant

18

who qualifies and who attains a minimum grade of seventy per cent upon such examination shall receive a certificate of registration and license from [the] board." Finally, section 14-a (Supp. 1977), which was added in 1969, provides in pertinent part: "Any person who has passed parts one and two of the national examination given by the National Board of Chiropractic Examiners shall be exempt from taking a written examination, and provided he meets all other qualifications and requirements of this chapter shall be registered and granted a license. . . ."

Plaintiffs argue that because there is no express authority to conduct an oral clinical examination, and because section 14-a (Supp. 1977) states that one who has passed parts one and two of the national examination "shall be exempt from taking a written examination," they cannot be compelled to take an oral examination. They further argue that because section 9 (Supp. 1977) states that applicants "shall be entitled to an examination," and because a written examination is required by section 11 (Supp. 1977), there cannot be an oral examination, as that would make two examinations instead of "an examination." We reject these and the other arguments of the plaintiffs.

Section 9 (Supp. 1977) does refer to "an examination," but an examination can consist of more than one part. The bar examination of this State, for example, is spoken of as an examination; nevertheless, it consists of two separate parts. The use of the word "an," therefore, does not rule out an oral examination as part of the examination required by the board.

Section 14-a (Supp. 1977) allows for exemptions "from taking a written examination," but it also provides that the applicant must meet "all other qualifications and requirements of this chapter." The specification that the exemption be from taking a "written examination" indicates that the legislature contemplated the existence of more than one type of examination; otherwise the legislature need not have limited the exemption to "written" examinations. The legislature must have used the word "written" advisedly. *Ahern v. Laconia Country Club Inc.*, 118 N.H. 623, 624, 392 A.2d 587, 588 (1978), and not as mere surplusage. *Kalloch v. Bd. of Trustees*, 116 N.H. 443, 445, 362 A.2d 201, 203 (1976). Moreover, use of the term "qualifications" in addition to the term "requirements" suggests the existence of a test for qualification beyond the mere meeting of the requirement of section 9 (Supp. 1977).

Since 1921, the board has interpreted the statute as authorizing the giving of oral examinations. It had consistently conducted such oral

examinations until the Federal District Court for the District of New Hampshire construed the statute as not authorizing that kind of examination. *Flesia v. Bd. of Chiropractic Examiners*, Docket No. 77-178 (1977). The district court's ruling, however, relating as it does to a matter of State law, is not binding on this court.

We view this administrative interpretation by the board over a prolonged period of time without interference by the legislature as evidence that it conforms to the legislative intent. *New Hampshire Retail Grocers Ass'n v. State Tax Comm'n*, 113 N.H. 511, 514, 309 A.2d 890, 892 (1973). This view is supported by the fact that the statute was reenacted by the legislature without forbidding the practice of the board, and also by the fact that at the time section 14-a (Supp. 1977) was enacted, Senator Armstrong stated that it was a "housekeeping measure" designed to correspond with "present practice," which of course included an oral examination. N.H.S. JOUR. 726 (1969); *see Wyatt v. State Bd. of Equalization*, 74 N.H. 552, 569–70, 70 A. 387, 396–97 (1908). Moreover, section 8 (Supp. 1977), by requiring that the board file a "current record of rules and regulations of the board of chiropractic examiners affecting the issuance of licenses," recognizes that the board is empowered to make rules and regulations relating to the issuance of licenses in order to carry out the purpose of the statute, which is to protect the public from unqualified practitioners. *See Bd. of Registration in Optometry v. Scott Jewelry Co.*, 90 N.H. 368, 376, 9 A.2d 513, 519 (1939).

We rule, therefore, that the board is authorized to conduct oral or other forms of clinical examinations in addition to the written examination required by section 11 as a means of determining if those who pass parts one and two of the national examination are qualified to practice in this State.

*Remanded.*

DOUGLAS and BROCK, JJ., did not sit; the others concurred.