ROY E. WYATT & others *vs.* BOSTON CONSOLIDATED GAS COMPANY.

Suffolk.    November 8, 9, 1945. — March 2, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Gas.    Public Utilities.    Equity Jurisdiction,* Public utilities, Other remedy.

One to whom a gas company had refused to supply gas until certain disputed charges should be paid could not maintain a suit in equity to compel the company to supply gas; the plaintiff had an adequate remedy by application to the department of public utilities under G. L. (Ter. Ed.) c. 164, § 92.

BILL IN EQUITY, filed in the Superior Court on February 26, 1945.

A demurrer to the bill was sustained by *Williams,* J. A subsequent motion to amend the bill by adding allegations in substance that the plaintiffs had applied to the department of public utilities for relief and had been informed that no relief could be granted, and that the defendant had furnished gas to the plaintiffs through an illegal meter and had made illegal charges against them, was denied by *Donahue,* J., by whose order a final decree dismissing the bill was entered. The plaintiffs appealed.

*H. A. Carney,* for the plaintiffs.

*J. P. Rooney,* for the defendant.

LUMMUS, J. This bill in equity was brought on February 26, 1945, to require the defendant to supply gas to the apartment of the plaintiffs in Boston, as it had done prior to February 13, 1943, when the plaintiffs notified the defendant to shut off the gas and the defendant promised to do so. When on May 1, 1944, the plaintiffs reoccupied the apart-

ment, and requested the defendant to supply gas, the defendant refused to turn on the gas until certain charges for gas made during the time when the apartment was unoccupied, that were contested by the plaintiffs, should be paid.

A demurrer to the bill was sustained, and the bill was dismissed. The plaintiffs appealed. The plaintiffs also appealed from the denial of their motion to amend the bill.

Without discussing other objections, it is enough to say that the Legislature has provided an exclusive remedy for such cases by application to the department of public utilities. G. L. (Ter. Ed.) c. 164, §§ 92, 79. *Boston v. Edison Electric Illuminating Co. of Boston*, 242 Mass. 305. See also *Gurney Heater Manuf. Co. v. New York, New Haven & Hartford Railroad*, 264 Mass. 427, 430; *Salisbury v. Salisbury Water Supply Co.* 279 Mass. 204, 206, 207; *Papetti* v. *Alicandro*, 317 Mass. 382, 390. For the earlier law, see *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324. The demurrer was rightly sustained.

The motion to amend was addressed to the discretion of the court, and nothing in the record shows an improper exercise of discretion. *Pierce* v. *Columbia Securities Co.* 246 Mass. 210, 223. *Massachusetts Hospital Life Ins. Co.* v. *Shulman*, 299 Mass. 312, 316. See also *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 56.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs.*