Coos
No. 78-203

DONALD BACHER

v.

PUBLIC SERVICE CO. OF NEW HAMPSHIRE

May 17, 1979

*Donald Bacher*, of Franconia, pro se.

*Sulloway, Hollis, Godfrey & Soden*, of Concord (*Martin L. Gross* orally), for the Public Service Company of New Hampshire.

BOIS, J.    This is the companion case of *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 402 A.2d 626 (1979). The plaintiff, a customer of the defendant Public Service Company of New Hampshire (company), has refused to pay those portions of his electric bills which he regards as representing Construction Work In Progress (CWIP) charges. The cost of raising capital for the company's plant under construction is funded by CWIP charges. The plaintiff alleges that assessing him these charges is inequitable because he will not be in the State when the company's plant under construction comes on

line. He claims that he should not be compelled to contribute to the payment of the costs of raising capital for plant construction.

The company placed Tariff No. 21 in effect under bond on December 3, 1977. RSA 378:6. Tariff No. 21 established rates that were based upon the inclusion of the company's CWIP costs in rate base. The public utilities commission (commission), after the lengthy rate-making investigation that is outlined in *Legislative Util. Consumers' Council v. Pub. Serv. Co. supra* approved the inclusion of approximately $111,000,000 of CWIP in the company's rate base, and ordered the company to file a revised Tariff No. 22 to become effective on June 1, 1978.

When the plaintiff was notified by the company on June 2, 1978, that it would disconnect his electric service in ten days if he did not make payment on the accumulated arrearage he owed, he procured an *ex parte* temporary injunction from the Superior Court (*Cann*, J.), restraining the disconnection of service. Since the imposition of the injunction, the plaintiff has paid into the court the disputed service charges.

The superior court reserved and transferred without ruling the following question: "whether the inclusion of Construction Work in Progress (CWIP) in the rate base is in violation of RSA 378:10 as respects plaintiff who claims that this statute applies to him as an individual and not as one of a class."

The defendant company challenges the jurisdiction of the superior court to enter an injunction in this case and the court's transfer of the above question to us. The defendant argues that the commission has exclusive original jurisdiction in utility ratemaking matters. *See* RSA ch. 378. The defendant contends that the superior court has neither original nor appellate jurisdiction in these matters, and that by asserting such jurisdiction, the court has violated both the general statutory scheme for adjudicating such matters, RSA ch. 378, and the specific provisions of RSA 541:22. This provision provides that "[n]o proceeding other than [appeal by petition to the supreme court under RSA 541:6] shall be maintained in any court . . . to set aside, enjoin the enforcement of, or otherwise review or impeach any order of the commission, except as otherwise specifically provided." We agree with the defendant company.

Except in narrowly defined instances, the ratemaking power of the commission is plenary. *Legislative Util. Consumers' Council v. Pub. Serv. Co. supra, citing State v. New England Tel. & Tel. Co.*, 103 N.H. 394, 397, 173 A.2d 728, 730 (1961); *Lorenz v. Stearns*, 85 N.H. 494,

506, 161 A. 205, 212 (1932). " '[R]ates charged by a public service company in accordance with its filed schedules allowed by the department cannot be questioned in court proceedings between the customers and the company.' " *Haverhill Gas Co. v. Findlen*, 357 Mass. 417, 418–19, 258 N.E.2d 294, 296 (1970), *quoting Sullivan v. Boston Consolidated Gas Co.*, 327 Mass. 163, 167, 97 N.E.2d 535, 538 (1951). "Whether unreasonable discrimination exists is for administrative determination. The rule which requires the exhaustion of administrative remedies should be applied." 1 A. PRIEST, PRINCIPLES OF PUBLIC UTILITY REGULATION 301 (1969). We "recognize the soundness of having utility ratemaking matters determined by a commission of experts qualified to make informed judgments in this specialized field." *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. at 340, 402 A.2d at 631.

■ This court, in a divided opinion, today allowed an energy consumer who alleged that he was overcharged by the company to petition district court for relief where "the issue involved interpretation of a tariff filing rule and a statute to determine whether a regulated utility has overcharged a ratepayer." *Nelson v. Pub. Serv. Co.*, 119 N.H. 332, 402 A.2d 623 (1979). We unanimously agreed in *Nelson*, however, that energy consumers are barred from challenging "the validity of rates or rate components" in courts of general jurisdiction. *Id*. The legality of including CWIP in the company's rate base is an issue that lies clearly within the area in which superior court jurisdiction is impliedly proscribed by the *Nelson* decision. When a case involves "complex issues of rates, fair return, [or] distribution of rates among classes," its resolution is "better left to the commission." *Id.; accord, Spintman v. Chesapeake & Potomac Tel. Co.*, 254 Md. 423, 428–29, 255 A.2d 304, 306–07 (1969).

■ We therefore do not answer the transferred question, and hold that the superior court was without jurisdiction to transfer it or to order the injunction restraining the disconnection of the plaintiff's electric service. We hereby dissolve the injunction and order all monies paid into the court by the plaintiff released to the defendant company. We note that our holding has not prevented our consideration of the important issue of public interest raised by the plaintiff. We have today fully analyzed and ruled on the question of the legality of the inclusion of CWIP in the company's rate base in the companion case, *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 402 A.2d 626 (1979).

*Case discharged.*

All concurred.