Public Utilities Commission
No. 78-219

NORTHERN VIEW WATER SUPPLY CO., INC.

v.

PUBLIC UTILITIES COMMISSION

May 17, 1979

*Stanley, Tardif & Shapiro*, of Concord (*David E. Tardif* orally), for the company.

*D'Ambruoso & Carroll*, of Concord (*Dom S. D'Ambruoso*, special counsel, orally), for the Public Utilities Commission.

*J. Michael Love*, of Manchester, by brief only, for the Legislative Utility Consumers' Council.

BOIS, J.   This is an appeal brought pursuant to RSA 541:6 from order No. 13,228 entered on July 19, 1978, by the public utilities commission (commission) following a hearing on a petition brought by Northern View Supply Co., Inc. (Northern View), a public water utility, for exemption from commission regulation.RSA 362:4 (Supp. 1977). Northern View contended at the commission hearing that it was a public utility company serving fewer than ten customers, thereby qualifying it to apply for an exemption. The company further argued that granting it an exemption would be "consistent with the public good." *Id.*

The commission specifically refrained from ruling on the question whether Northern View served fewer than ten customers. The commission ruled that even if Northern View did serve fewer than ten customers and were eligible for an exemption, it would be "unconscionable" to grant it one. The commission ruled that the "public good requires that [Northern View] continue in existence as a public water utility with the concurrent obligation within its franchised area." We affirm the commission's order.

A most significant role played by the commission is protecting consumers. *See Wisconsin's Environmental Decade, Inc. v. Pub. Serv. Comm'n*, 81 Wis. 2d 344, 351, 260 N.W.2d 712, 715–16 (1978).The commission found that granting Northern View an exemption from the public utility regulatory scheme would allow the company to carry out its plan to cut off service to three single family residential customers, who would then be forced to provide their own water source at a cost of $3,000–$5,000 per family. The commission found that this would be particularly unjust in the present case because these homeowners had purchased their houses in reliance upon the fact that a public utility company would supply them water. The owner of Northern View was also the developer of the project.

Our scope of review in appeals from the commission has been adequately set forth in *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 402 A.2d 626 (1979), and *Legislative Util. Consumers' Council v. Granite State Elec. Co.*, 119 N.H. 359, 402 A.2d 644 (1979). The record in the present case is replete with evidence supporting the commission's ruling denying Northern View an exemption from public utility regulation.

The commission's accompanying directive ordering Northern View to "bill either the individual apartment occupants and/or [*sic*] the apartment building owner per the fixture rate per apartment," is within the wide ambit of power that the agency has in utility ratemaking. *See Bacher v. Pub. Serv. Co.*, 119 N.H. 356, 402 A.2d 642 (1979), citing *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 340, 402 A.2d 626, 631 (1979). *See also* RSA 378:7.

*Appeal dismissed.*

All concurred.