Public Utilities Commission
No. 79-077

APPEAL OF QUENTIN E. MCKENNEY, JR.
d/b/a ROCHESTER DIAL-A-RIDE
(NEW HAMPSHIRE PUBLIC UTILITIES COMMISSION)

February 14, 1980

*William P. Shea*, of Wakefield, by brief and orally, for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*James H. Schulte* orally), for the defendant.

BROCK, J.   This is an appeal under RSA 541:6 from an order of the Public Utilities Commission (PUC) revoking a certificate of public convenience and necessity held by the plaintiff Quentin E. McKenney, Jr., d/b/a Rochester Dial-a-Ride. For the reasons set forth below, we affirm the order of the PUC and dismiss the appeal.

The certificate, originally issued in 1974 and transferred to the plaintiff in 1976, authorized Rochester Dial-a-Ride to operate as an irregular route common carrier "between all points and places within the City of Rochester." The certificate was granted subject to the conditions that (1) passengers would be transported in groups and no passenger would be able to exclude others from being picked up along the way, and (2) Dial-a-Ride would only operate vehicles with a capacity of more than seven passengers. These conditions were the basis for the PUC's assertion of jurisdiction under RSA ch. 376 and specifically distinguished Dial-a-Ride's service from that of taxi cabs, as defined under RSA 376:2 XI.

On July 9, 1977, the defendant Donald P. LaCroix, d/b/a Rochester Central and Red Line taxi, petitioned for revocation of the plaintiff's

certificate, alleging that the service being provided by plaintiff did not comport with the conditions upon which the certificate had been issued, that Dial-a-Ride was operating essentially as a taxi service and that as such it was in direct competition with his taxi business. In addition, defendant argued that regulation of taxi cabs is a power given to city councils under RSA 47:17 and excluded from the PUC. RSA 376:3. He asserts that because plaintiff's vehicles and operations were not subject to the requirements of the taxi ordinance of the city of Rochester, the plaintiff was unfairly competing with his service.

A hearing was held on June 18, 1978, at which neither plaintiff nor his attorney appeared. The PUC heard testimony and accepted exhibits into evidence but specified that, if desired, plaintiff and his counsel would be given a future opportunity to examine the transcript, to cross-examine witnesses and to offer rebuttal testimony. Plaintiff did not avail himself of this opportunity, and on October 31, 1978, the PUC issued its order revoking his certificate. Plaintiff moved for a rehearing, claiming that his absence was the result of a misunderstanding concerning a request for continuance he had filed prior to the June hearing and that he had been in the process of reviewing the record and preparing rebuttal testimony when the PUC issued its order. The PUC granted the motion for rehearing and suspended its revocation order pending final resolution. After the rehearing, at which plaintiff and his counsel appeared, the PUC again revoked the certificate.

Plaintiff appeals to this court alleging insufficiency of the evidence to support the revocation, denial of due process, and numerous other errors relating to the admissibility of evidence.

■ Our standard of review on appeals from the PUC is governed by RSA 541:13 and has been thoroughly discussed in recent decisions. *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. 332, 402 A.2d 626 (1979); *Northern View Water Supply Co. v. Pub. Util. Comm'n*, 119 N.H. 367, 402 A.2d 650 (1979). The PUC's findings of fact are deemed prima facie lawful and reasonable, and the ultimate question on appeal is whether the party seeking to overturn the decision of the PUC has shown by a clear preponderance of the evidence that the order is unjust, unreasonable, or unlawful. RSA 541:13.

The plaintiff first argues that the PUC's finding that "public convenience and necessity no longer requires the Dial-a-Ride service in the City of Rochester" is not supported by substantial evidence. The PUC, in its report, stated:

Upon reviewing all of the evidence it would appear that McKenney could perform all of the services that is [sic]

being offered by Dial-a-Ride with vehicles of not more than seven persons rated manufacturer's seating capacity.

On this basis the Commission is of the opinion that public convenience and necessity no longer requires the Dial-a-Ride service in the City of Rochester.

Plaintiff misconstrues the PUC's conclusion that "public convenience and necessity no longer requires the Dial-a-Ride service." He incorrectly equates "public convenience and necessity" with "public need" and argues that because there is evidence that his Dial-a-Ride service provides transportation services to a large number of people (a number large enough to cut substantially into the taxi companies' revenues), there is a demonstrated "public need" for the Dial-a-Ride service. Need is not the issue, however. It is not disputed that the plaintiff offers transportation to a large number of people. Rather, the PUC has found that the services which Dial-a-Ride actually performs could be provided with vehicles having a seating capacity of seven persons or less.

The Dial-a-Ride certificate was originally granted based upon a perception that the public convenience and necessity required a transportation service different from that provided by the local taxi cab companies; namely, a service that provided a greater than seven-person seating capacity in each vehicle. See RSA 376:2 VI, XI. The record indicates that the plaintiff at least occasionally used a two-door Matador for transportation of customers. Furthermore, the record fails to indicate the extent to which there is a demand for services which can *only* be provided by vehicles with a greater than seven-person manufacturer's rating seating capacity. On the basis of the record before us, we cannot say that the PUC's finding that the public convenience and necessity no longer requires the services provided by plaintiff is clearly unjust, unreasonable or unlawful.

Plaintiff next argues that there is insufficient evidence to support the PUC order. He asserts that it admitted evidence that was hearsay, irrelevant or immaterial, as well as testimony offered by witnesses who were related to, or employed by, the defendant.

Under RSA 365:9 and rule 7 of the PUC's *Rules of Practice and Procedure,* the PUC is not bound by the technical rules of evidence. "The law is well settled that administrative tribunals are not bound by the strict . . . rules of evidence . . . , even though the administrative agency is acting in an adjudicative or quasi-judicial

capacity ...." *New Hampshire Milk Dealers' Ass'n v. Milk Control Bd.*, 107 N.H. 335, 340, 222 A.2d 194, 199; *Auclair Transp. Inc. v. Ross Express*, 117 N.H. 630, 634, 376 A.2d 146, 148–49 (1977). The admission of hearsay or technically irrelevant or immaterial evidence is not sufficient to render the PUC's order unjust, unreasonable, or unlawful.

Plaintiff objects to the admission of testimony by witnesses related to or employed by the defendant, presumably because they would be biased. We are aware of no rule of evidence forbidding testimony by adverse witnesses. Further, bias in testimony goes to its weight and credibility, not to its admissibility. Once testimony is admitted, it is the PUC's duty to resolve issues of fact and conflicts of opinion. This court does not sit as a trier of fact when reviewing orders of the commission. *Legislative Util. Consumers' Council v. Pub. Serv. Co.*, 119 N.H. at 340, 402 A.2d at 631. "The Commission is not compelled to accept the opinion evidence of any one witness or group of witnesses." *Id.* at 346, 402 A.2d at 636. The fact that testimony of the defendant's friends, relatives, and employees was admitted does not render the PUC's order unjust, unreasonable, or unlawful.

Plaintiff's final argument is that he was denied due process because the PUC: (1) after denying his motion for continuance, conducted a hearing on June 28, 1978, without either plaintiff or his counsel present; (2) considered testimony of three witnesses who had testified at that June hearing in reaching its final decision without requiring their presence at the rehearing so that the plaintiff and his counsel could cross-examine them; (3) allowed into evidence testimony concerning the plaintiff's operation of his transportation service which occurred subsequent to June 9, 1977, the date on which the petition to revoke his authority was filed.

We find little merit in any of these claims. Assuming, *arguendo*, that the plaintiff had not waived his due process protections by failing to appear at the June 1978 hearing, those rights were satisfied by the rehearing at which he had the opportunity to present evidence and cross-examine witnesses. While it is true that three witnesses present at the first hearing were not present at the second, the plaintiff had the right to request the PUC to subpoena them. RSA 365:10. He failed to exercise this right.

We need not reach the plaintiff's argument concerning testimony relating to incidents that occurred after the date on which the petition to revoke was filed. It is clear that the commission's finding that the transportation services being rendered by Dial-a-Ride did not require

vehicles with a greater than seven-person seating capacity was not based on that testimony.

*Exceptions overruled.*

BOIS and KING, JJ., did not sit; LAMPRON, C.J., retired, sat by special assignment pursuant to RSA 490:3; the others concurred.