Public Utilities Commission
No. 79-156

APPEAL OF ROBERT W. MESERVE & a.
(New Hampshire Public Utilities Commission)

June 25, 1980

*Wiggin & Nourie,* of Manchester (*Gary E. Hicks* orally), for the plaintiff.

*Cleveland, Waters & Bass,* of Concord (*Howard J. Zibel* orally), for the defendant.

BROCK, J.   This is an appeal under RSA 541:6 from a decision of the Public Utilities Commission (PUC) granting defendant's petition for a private rail crossing under RSA 373:1, :33, and requiring the plaintiffs, trustees of Boston & Maine Corporation, to construct the crossing at the railroad's expense.

The defendant, Crystal Laundry, owns a parcel of land in Manchester which it proposes to develop for a commercial use, including the construction and operation of a convenience store and gasoline station. The property is bounded on the north by Valley Street, on the south by Merrill Street, and on the west by Union Street.

The parcel is accessible from both Union and Merrill Streets, but is separated from Valley Street by a Boston and Maine spur track. The defendant seeks a crossing there to gain direct access to Valley Street.

The plaintiffs first contend that the PUC's order requiring them to construct a Valley Street crossing for the defendant exceeded its authority under RSA 373:33, since the defendant's land was not otherwise landlocked. RSA 373:1. They argue that the purpose of that statute is to prevent landowners from being deprived of access to their land, thus being deprived of the use and enjoyment of it. They contend that unless access is otherwise unavailable, the PUC has no statutory authority to order that a crossing be provided.

■ ■ We do not construe RSA 373:1 so narrowly. Under the statute, a railroad may have a duty to provide a suitable crossing for the accommodation of the public or any landowner whose lands are divided by or separated from a highway by a railroad. *Patterson v. Boston & Maine R.R.*, 102 N.H. 387, 157 A.2d 653 (1960). The standard to be applied in determining the duty of a railroad under RSA 373:1 is that of the reasonable necessity for a crossing, not its absolute necessity, as suggested by plaintiffs. *Id.* at 389, 157 A.2d at 655. The fact that other access to the property in question is available, although not as convenient, is a factor which may be considered in making the determination of reasonable necessity. *See Hagemann v. Chicago Great Western Ry. Co.*, 2 Ill. App. 2d 401, 119 N.E.2d 523 (1954). Where an additional crossing is sought for mere convenience and will result in an increased hazard to the public and landowner, reasonable necessity has been held not to have been shown. *St. Louis-San Francisco Ry. Co. v. Logue*, 216 Ark. 64, 68, 224 S.W.2d 42, 44 (1949). Such a holding implies that when the proposed crossing does not create a safety hazard, reasonable necessity may still be shown although other access is available.

In this case, the PUC determined that the proposed crossing would not be unsafe nor constitute an undue hazard. The evidence before the PUC was that the spur track is seldom used, the surface of the rails being well rusted. Furthermore, the PUC determined that the intended development of the land involved a reasonable use and required the crossing. Without the crossing, tractor-trailer trucks making deliveries would encounter difficulty in negotiating the parking lot. Other evidence suggested that gasoline tanker trucks would also have difficulty making deliveries, thereby raising the prospect of a safety hazard if the crossing was not available. On these facts, we cannot say that the PUC's determination that there is a reasonable necessity for the crossing was clearly unlawful or unreasonable. *Appeal of McKenney*, 120 N.H. 77, 79, 412 A.2d 116, 117 (1980).

■ The order requiring the plaintiffs to bear the costs of construction for the crossing is another matter. The plaintiffs contend that the order requiring the railroad to pay the costs amounts to an unconstitutional taking without just compensation. The defendant disagrees; in any case, it claims that this issue has been determined adversely to the plaintiffs' position in the case of *Norfolk Ry. v. Public Serv. Comm.*, 265 U.S. 70 (1924). That case, however, dealt with the requirement that a railroad provide

suitable facilities for its patrons. In that context, the railroad was ordered to construct and pay for a crossing at one of its own sidings where customers were removing and delivering freight carried on the railroad. *Id.* at 74. The case does not stand for the proposition that a railroad is required to bear the costs of constructing a private crossing for the benefit of a private landowner. That issue came before the United States Supreme Court six years later. *Chicago, St. P., M. & O. Ry. v. Holmberg*, 282 U.S. 162 (1930). On facts similar to those in the present case, the Supreme Court held that an order requiring the utility to bear the expense of establishing an underground pass for the convenience and benefit of the private landowner in the use of his own property was an unconstitutional taking. *Id.* at 167. In a subsequent case, the Court summarized its holding in *Holmberg* as follows: "expenditures directed to be made for the benefit of a private person were held invalid, although the party ordered to pay was a common carrier." *Thompson v. Consolidated Gas Co.*, 300 U.S. 55, 80 (1937). It is clear then that the order requiring the plaintiffs to bear the costs of constructing the crossing proposed in this case is unconstitutional under the fourteenth amendment of the United States Constitution. *Id.; Chicago, St. P., M. & O. Ry. v. Holmberg supra.*

■■ We similarly hold that the order violates pt. 1, art. 12 of the New Hampshire Constitution insofar as it requires, without a justifying public purpose of sufficient magnitude, the expenditure of money by a private person for the benefit of another private person. Contrary to the defendant's position, the police power is not so broad as to require such expenditures for the benefit of a private person when the public welfare is only slightly enhanced, if at all. *See L. Grossman & Sons, Inc. v. Town of Gilford*, 118 N.H. 480, 482-83, 387 A.2d 1178, 1180 (1978). Accordingly, the plaintiffs may only be ordered to construct the crossing upon the condition that the defendant bear the cost.

This case is remanded to the PUC for the development of a new order, made on the existing record, which is consistent with this opinion. *Appeal of the Incorporators of the Manchester Savings Bank*, 120 N.H. 129, 139, 412 A.2d 421, 428 (1980).

*Remanded.*

KING, J., did not sit; the others concurred.