STATE OF IOWA, Appellee, v. HARRY HATTERS, Appellant.

CRIMINAL LAW: Evidence at Former Trial. Testimony of a witness, fully taken and preserved in the reporter's shorthand notes on a trial which comes to naught, is admissible on a retrial, provided the personal presence of the witness may not be had.

CONTINUANCE: Timeliness of Application. He who contends on appeal that an application for a continuance was not timely has the burden to so show.

CRIMINAL LAW: Circumstantial Evidence, Value of Property, and Credibility of Witnesses. Instructions reviewed, as to the sufficiency of circumstantial evidence, as to the value of property, and as to the credibility of witnesses, and held not subject to the vice of being confusing or misleading.

*Appeal from Polk District Court.*—CHARLES HUTCHINSON, Judge.

OCTOBER 25, 1918.

CONVICTION of larceny on an indictment charging that defendant and two others stole an automobile.—*Affirmed.*

*F. T. Van Liew,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, *Ward C. Henry,* County Attorney, and *A. G. Rippey,* for appellee.

SALINGER, J.—I. The appellant contends the evidence is insufficient. The point does not require serious consideration. We shall not particularize. It suffices to say that, while there is not direct testimony,

1. CRIMINAL LAW: evidence at former trial.

there was an abundance to sustain the verdict. Among other things, defendant, according to his own story, left Des Moines late at night, in an automobile that he claims belonged to a friend of his, and left for Perry without any reason for going; and the explanation attempted for the trip is of itself so unreasonable as to be some evidence of guilt. Again, the stolen automobile was found near Perry, in a damaged condition, and something occurred on the trip that would damage an automobile. Still again, the defendant and others with him went to a hotel in Perry late at night, after they had taken care of this car, and there registered under an assumed name. Indeed, what is really claimed is that the evidence is insufficient because the testimony of certain of the witnesses should not have been received. And the real question is whether this point is well taken. It seems that, at one time, the trial of this cause was begun. The two witnesses in question testified on that trial, and their testimony was preserved and properly transcribed. In the course of said trial, a witness for the State became ill, and the State applied for and obtained a continuance on that account. Said transcript was used on trial in which defendant was convicted, and appellant contends that receiving the same denied him his constitutional right to be confronted with the witnesses against him. We have held to

the contrary. See *State v. Brown,* 152 Iowa 427, and *State v. Thomas,* 158 Iowa 687.

It is said that the motion for continuance should not have been sustained, in that the motion was not made as soon as it became certain that it would need to be made, 2. CONTINUANCE: and that the facts set forth in the applica-
timeliness of
application.    tion are irrelevant and immaterial. It appears that the trial of which continuance was had was on the 28th of May, 1917; that among the witnesses then present was one Pomeroy; that, on the application of defendant, the cause was continued until the 31st of May, 1917; that, on account thereof, the witnesses were permitted to leave the court room, and ordered to report again on the morning of May 31st; that Pomeroy did not report because he was too ill. Then comes a recital of what Pomeroy would testify to, and it is material matter. The reason for Pomeroy's absence was not discovered until the next day, June 1, 1917. It does not appear just when the State's motion for continuance was filed,—a matter that was vital for appellant to show on the claim that its filing was not timely, for its sustaining is a holding that it was timely. All that appears on this point is that one affidavit in support of the State's motion was sworn to on the 4th of June, 1917. We are of opinion that the appellant has not established either that the motion was not timely or that it was not well grounded.

II. It is said, as to the giving of Instructions 6, 7, and 9, that they are each misleading, confusing, and prejudicial, and that the giving thereof has deprived defendant
3. CRIMINAL     of a fair trial.
LAW: circum-
stantial evi-       Instruction 6 charges it is not neces-
dence, value of
property, and   sary, to establish guilt in a criminal case,
credibility of
witnesses.     that there should be direct proof of the guilt of the person charged, nor necessary that witnesses should be produced who saw defendant commit the crime. The

evidence may be, and frequently is, circumstantial, as distinguished from direct evidence. Circumstantial evidence means the proof of such facts and circumstances as establish the guilt of defendant without evidence of direct eye-witnesses—the proof of facts and circumstances from which the guilt of the defendant may be reasonably inferred to the satisfaction of the jury, beyond a reasonable doubt. When the evidence is circumstantial, and each link in the chain is clearly and conclusively established, the evidence may be equally as strong as the evidence of direct witnesses. It is not enough, however, that the circumstances coincide with and render probable the guilt of the accused, but they must exclude every other reasonable hypothesis. And in either case, the guilt of the defendant must be established beyond a reasonable doubt.

"No. 7. Evidence has been offered with a view of showing the value of the property claimed to have been stolen. It is your duty, if you find defendant guilty, to ascertain further what the reasonable market value of the property actually stolen by him was on the 3rd of April, 1917, and the value which you find and return must be the value which is shown by the evidence beyond a reasonable doubt.

"Instruction 9. You are the sole judge of the credibility of witnesses and of the weight to be given their testimony; in weighing the testimony of each witness, you will take into consideration his age, intelligence, strength of memory, and means of knowledge, his relation or feelings toward the parties, interest, if any, in the result of the suit, demeanor while testifying, the time that has elapsed since the occurrences of which they testify, the reasonableness or otherwise of matters testified to, either corroborated or contradicted, by other witnesses, or facts proven, and all matters fairly tending to show the weight and credit that should be given."

The exceptions are: Instruction 6 is misleading and confusing to the jury, as applied to the defense in this case. Instruction 7 fails to say the jury was not bound to accept the testimony of Jaques for the State, unless it appear Jaques had removed from the State or was beyond reach of process; and that, if the evidence shows Jaques was a resident of Berwick, the jury was not bound to take said evidence into consideration: wherefore, there was no evidence of the value properly before the jury. Defendant further excepts to Instructions 6, 7, and 9 for the reason that they are prejudicial to defendant, and giving thereof has precluded defendant from having a fair and impartial trial. The court failed to instruct in connection with the subject that the defendant had the constitutional right to be confronted with the witnesses against him, and that, if the jury found Varco was on a hunting trip in Minnesota, and Jaques a resident of Polk County, but could not be found when the sheriff attempted to serve a subpoena upon him, they would not be justified in accepting the testimony of either of said witnesses. The part attacking the reception of said testimony has been disposed of.

There is no merit in the attack upon the charge, and we find no prejudicial error.—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.