Hillsborough,
No. 4880.

### STATE *v.* FRANK MICHAEL DAVIS.

Argued October 4, 1960.

Decided October 28, 1960.

*Conrad Danais,* county attorney, *Louis C. Wyman,* Attorney General, and *Irma A. Matthews,* Law Assistant (*Mrs. Matthews* orally), for the State.

*Devine, Millimet & McDonough* and *Bartram C. Branch* (*Mr. Branch* orally), for the respondent.

DUNCAN, J. In the recent case of *State* v. *Ball,* 101 N. H. 62, it was held that an indictment charging that an accessory before the fact "did feloniously incite, move, procure and counsel" the principal to commit crime satisfied the constitutional requirement that an offense shall be "fully and plainly, substantially and formally

described." Const., Pt. I, *Art.* 15th. The respondent seeks to distinguish this holding by pointing out that the offense of the principal which the respondent Ball was charged with having procured was set forth in detail in the indictment so that that respondent was better apprised of the exact nature of the offense charged against him than is this respondent whose offense is alleged to have occurred after and independently of the principal crime.

The fact remains that the indictment in the *Ball* case furnished Ball with no more particulars as to the means by which he was alleged to have incited, moved and procured the crime, than does the pending indictment as to the means by which Davis is claimed to have received, harbored and maintained the alleged murderer.

The charge of receiving, harboring and maintaining is an allegation of fact in language of recognized meaning in customary form. See anno. 130 A. L. R. 150; Justice & Sheriff (1931 *ed.*) 398, 399. The authorities uniformly hold it unnecessary "to set forth the means by which . . . the accessory after [the fact] received, concealed or comforted [the principal]." *State* v. *Neddo,* 92 Me. 71, 77. See also, *Coffin* v. *United States,* 156 U. S. 432; 4 Wharton Crim. Law & Procedure (Anderson *ed.*) *ss.* 1791-1792; anno., 116 A. L. R. 1104.

The case of *State* v. *Gilbert,* 89 N. H. 134, relied upon by the respondent, is not controlling. There the respondent was charged with reckless operation of a motor vehicle, with no allegation concerning the conduct which was alleged to have made the operation reckless. The indictment thus stated a mere conclusion that a lawful act had been performed in an unlawful manner. The pending indictment on the other hand charges this respondent with specific acts which if committed were unlawful without regard to the manner in which they were done so long as done with knowledge of the commission of the principal crime. Perkins, Crim. Law 578; Clark and Marshall, Crimes (6th *ed.,* Wingersky Rev.) *s.* 8.06. No conclusion of law was drawn in the presentment of the grand jury in this case, which thus differs from *State* v. *Gilbert, supra.*

The respondent's motion was properly denied. *State* v. *Story,* 97 N. H. 141, 146; *State* v. *Giles,* 81 N. H. 328; *State* v. *Ball, supra.*

*Exception overruled.*

KENISON, C. J., dissented; the others concurred.