Belknap,
No. 6138.

STATE *v.* ROGER MORIN *& a.*

April 5, 1971.

*Warren B. Rudman,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Wescott, Millham & Dyer* and *Gary P. Westergren* (*Mr. Westergren* orally), for the defendants, Roger and Raymond Morin.

DUNCAN, J. At the October 1969 term of the Belknap County Superior Court indictments were returned against the defendants herein and against three others, one of whom (Robert Morin) waived his exceptions after transfer, another of whom (Doucette) pleaded guilty, and the third (Archambeault) was acquitted after trial. The indictments against the three Morins and against Archambeault were tried together, in a jury-waived

trial before *Keller,* J. Each of the two defendants Morin was found guilty of aggravated assault on Stephen Provencher, and of simple assaults upon George B. Courtney and Peter Adamovich.

The indictments returned against the five defendants were similar in form, except for the names of the persons involved. In advance of trial, each defendant Morin moved to quash each indictment against him upon the ground that he was charged with assaults committed by the four other defendants, and that the indictments failed to charge " any legal responsibility for acts of said other persons as called for by RSA 590-A. " These motions were severally denied subject to exception, and following conviction the exceptions of the defendants herein to the denial of their motions to quash were transferred by the presiding justice.

Each of the six indictments before us is in substantially the following form, with appropriate variation of personal names: " The Grand Jurors for the State of New Hampshire, upon their oath, present that Roger Morin of Laconia in the County of Belknap aforesaid, on the 4th day of May in the year of our Lord one thousand nine hundred and sixty-nine at Laconia in the County of Belknap aforesaid, with force and arms did make an assault of an aggravated nature upon one Stephen Provencher of Walpole, New Hampshire, in that he, the said Roger Morin, did in concert with Kenneth Doucette, Raymond Morin, Robert Morin, and Arthur Archambeault, all of Laconia, New Hampshire, go to the residence of the said Stephen Provencher, then and there being the Hidden Cove Resort located on Route 11-B in said Laconia, New Hampshire and did approach and assault the said Stephen Provencher with extremely dangerous weapons designed for the purpose of inflicting aggravated, dangerous and serious bodily harm, to wit: a steel chain, a lead pipe, and a small lead hammer, and did then and there with the aid of said Kenneth Doucette, Raymond Morin, Robert Morin and Arthur Archambeault and with the aid of said dangerous weapons beat, bruise and ill treat the said Stephen Provencher by striking him upon the head and body with said dangerous weapons in order to cruelly and dangerously beat, bruise, and wound, and thereby greatly endanger the life of the said Stephen Provencher, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State. "

RSA ch. 590-A( supp. ), cited in the defendants' motion to quash, was enacted in 1967. Laws 1967, 346:1. At the same time, the provision of RSA 590:1, relating to accessories before the fact, was repealed. Laws 1967, 346:3. RSA 590-A:1( supp. ) provides: "Offense Committed by Another. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both." Section 2 of the statute provides that a person "is legally accountable for the conduct of another" when he is "an accomplice of such other person in the commission of the offense." RSA 590-A:2( III )( supp. ). Section 3 provides that he is an accomplice if "with the purpose of promoting or facilitating the commission of the offense, he . . . aids or agrees or attempts to aid such other person in planning or committing it . . . ." RSA 590-A:3( I )( supp. ).

The indictments arose out of an affray which took place at Hidden Cove Resort in Laconia when, as could be found on the evidence, the three Morin brothers and two others undertook to even a score with Stephen Provencher following an earlier altercation elsewhere in Laconia in which Robert Morin and the defendants' father had been injured. Provencher and Courtney were construction workers in their early twenties, employed at a "high rise" construction project in Laconia, and were residing in cottages at Hidden Cove Resort. Adamovich, then aged 39, was a foreman on the same project and with his wife and children also resided in one of the resort cottages.

It could be found that at approximately 5:00 P.M. on May 4, 1969 five young men, including the three Morins, variously armed with a steel chain, a hammer, a length of pipe, and a wooden club or paddle, appeared at Provencher's residence for the purpose of beating him. As they confronted him on the deck of his cottage, Courtney and Adamovich came to his assistance. The three prospective victims had hastily armed themselves with a stick, a golf club, and a small spade or shovel. In the encounter which followed, findably precipitated by one or more of the five defendants, the victims were severally struck by the various objects carried by the aggressors and by metal deck chairs, which were hurled at them. In the course of the fight the defendant Raymond Morin was thrown over the deck railing to the lakeshore below, and at some point Roger Morin was badly cut about the nose. The aggressors were gradually subdued or driven off and were then taken into cus-

tody by police who arrived soon after the hostilities abated.

The defendants' contention is that the elements of the crimes alleged, as defined by statute, are not sufficiently set forth in the indictments because of the requirements of RSA ch. 590-A ( supp. ). The crime of aggravated assault with which the defendants were charged is set forth in RSA 585:22( supp. ). *State v. Lavallee,* 104 N.H. 443, 450, 189 A.2d 475, 480 ( 1963 ). The provisions of RSA ch. 590-A( supp. ) contain an adaptation of the proposed official draft A.L.I. Model Penal Code *s.* 2.06 ( 1962 ). The comments which accompany the code make it plain that the " different modes of complicity in a crime, " as set out in RSA ch. 590-A, are not of " procedural significance "; and that it is sufficient under this statute " to charge commission of a crime " without regard to the common law distinction between principal and accessory. Model Penal Code *supra, s.* 2.04, at 13 and 14 ( Tent. Draft No. 1, 1953 ). *See also id., s.* 2.06, note at 21 ( Tent. Draft No. 4, 1955 ).

The statute is significant for its eradication of the distinction between principals, and accessories before the fact. *See State v. Lacoshus,* 96 N.H. 76, 80, 70 A.2d 203, 207 ( 1950 ); *State v. Keegan,* 106 N.H. 152, 155, 207 A.2d 427, 429 ( 1965 ). The statute sets out criteria by which the accountability of a defendant for the acts of another may be determined. The offenders involved in these assaults were accountable for each other's acts as " accomplices " ( RSA 590-A:2( III )( supp. ) ), because they " aided " or attempted to aid each other in committing the crimes charged. RSA 590-A:3( I )( supp. ).

The indictments herein charge the most elementary form of complicity namely, concerted participation in the accomplishment of a joint purpose. *See State* v. *Santos,* 107 N.H. 490, 225 A.2d 617 ( 1967 ). Each indictment charges each defendant with acting " in concert with " the others, to assault the victims. Hence each individual defendant is charged with aiding the others. RSA 590-A:3( I )( supp. ). If the indictments could have been expanded by allegations that each defendant committed assaults by aiding, as well as accepting aid from, his· co-defendants, the ommission is not fatal. The indictments could leave no room for doubt in the minds of the defendants, the grand jurors, or the court, that each was charged with complicity in the crimes charged. RSA 590-A:2( III )( supp. ).

The legal principles by which the defendants were made

chargeable with the acts of their co-defendants as set forth by RSA ch. 590-A (supp.) were not required to be stated in the indictments. It was sufficient that the defendants were charged in terms sufficiently understandable to permit them to prepare their defense. *State* v. *Story,* 97 N.H. 141, 83 A.2d 142 (1951); *State* v. *Gravel,* 108 N.H. 142, 229 A.2d 686 (1967). The motions to quash were properly denied. *State* v. *Davis,* 103 N.H. 79, 165 A.2d 42 (1960).

*Exceptions overruled.*

All concurred.