Hillsborough
No. 79-442

THE STATE OF NEW HAMPSHIRE

v.

LEO JANSEN

September 17, 1980

*Gregory H. Smith*, acting attorney general (*Peter W. Mosseau*, attorney, orally), for the State.

*Bruce E. Kenna*, of Manchester, by brief and orally, for the defendant.

KING, J. This is an appeal from a jury verdict finding the defendant, Leo Jansen, guilty as an accomplice to an armed robbery in violation of RSA 626:8. Trial was before *Wyman*, J.

The robbery took place on the morning of November 21, 1977, when two men, one of them armed with a handgun, robbed the Merit gasoline station at the corner of Bridge and Chestnut Streets in Manchester. The evidence presented at trial included testimony by one Ann Elizabeth Bruscoe concerning statements allegedly made by the defendant shortly after the commission of the robbery. Miss Bruscoe testified that she had learned about the Merit station robbery while she was living with the defendant and another man, Gregory McDonald, at a motel in Manchester. She further testified that she remembered an evening when both men had left the motel in order to purchase some cigarettes, and upon their return about an hour later, they told her that they had committed the robbery. The defendant was tried and convicted as an accomplice to armed robbery prior to the trial of Gregory McDonald, who was separately indicted as the principal.

The defendant first argues that because Miss Bruscoe was unable to relate which man made the incriminating statements to her, those statements should be excluded as inadmissible hearsay.

Hearsay evidence is generally characterized as an extrajudicial statement offered in court to show the truth of its content. *See* C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 265 (13th ed. 1973). If, however, the extrajudicial statement is made by the defendant and gives rise to a reasonable inference of guilt, it constitutes an admission and is admissible into evidence. *State v. Martineau*, 116 N.H. 797, 799, 368 A.2d 592, 594 (1976). Such an inculpatory statement may also be admitted into evidence when it is made by someone other than the defendant, i.e., when an

incriminating or accusatory statement about the defendant is made within his presence and hearing, and that statement is not denied by him. In such a case, both the statement itself and the failure to deny it are admissible as an admission of the statement's truth. C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 700 (13th ed. 1973). Whether the defendant's silence is evidence of assent to those statements depends upon whether opportunity and motive to deny the truth of the accusations existed. *State v. Nelson*, 103 N.H. 478, 489, 175 A.2d 814, 822 (1961), *cert. denied*, 369 U.S. 879, 881, (1962); *cf. Jenkins v. Anderson*, 100 S. Ct. 2124, 2129 (1980).

In the instant case, there was no evidence presented which would indicate that the defendant attempted to deny his complicity in the robbery in any manner whatever. Miss Bruscoe testified that "both" men told her about the robbery during a conversation between the three of them late one evening. She was unable to attribute the statements made during that three-way conversation to one or the other of the two men. Even if the defendant made none of the incriminatory statements, however, his failure to refute or deny them when he had ample opportunity to do so may be found to be an affirmation of their truth. *State v. Nelson supra*. We therefore rule that Miss Bruscoe's testimony concerned admissions by the defendant and was properly admitted into evidence by the trial court.

The defendant next argues that in a trial of an accomplice, the guilt of the named principal is an essential element which must be proved beyond a reasonable doubt. The defendant further asserts that the trial court's refusal to instruct the jury as to that element constituted a violation of the defendant's due process rights. We disagree.

At common law, an accessory before the fact could not be tried before the principal, and the conviction of the principal was a prerequisite to a conviction of the accessory. C. TORCIA, WHARTON'S CRIMINAL LAW § 34 (14th ed. 1978). In New Hampshire, the common-law rule was modified by statute so as to allow an accessory to be tried either before or after the principal. *See, e.g., State v. Rand*, 33 N.H. 216, 224 (1856). The early accessory statutes provided that "[w]hen the accessory is tried before conviction of the principal, the guilt of the principal is a material fact for the prosecution to establish, and must be proved by competent evidence." *State v. Lacoshus*, 96 N.H. 76, 80, 70 A.2d 203, 206 (1950), *quoting State v. Rand supra*. In most jurisdictions, the common-law distinctions between principals and accessories

have been abolished. C. TORCIA, WHARTON'S CRIMINAL LAW § 35 (14th ed. 1978). This State abrogated those distinctions in 1973 when RSA 626:8 became effective. The statute provides that "[a]n accomplice may be convicted on proof of the commission of the offense and of his complicity therein. . . ." RSA 626:8 VII. The conviction of an accomplice is thus premised upon proof of the commission of the criminal act, rather than on the guilt of the principal. *See Standefer v. United States*, 100 S. Ct. 1999 (1980).

The trial court instructed the jury regarding the elements necessary to convict the defendant under the accomplice statute as follows:

> "[Y]ou have, therefore, two basic considerations to consider, from the evidence. Was there an armed robbery? *Did that event occur?* That is, did *someone* armed with a deadly weapon . . . exercise some unauthorized control over the property of another and put that victim in fear of his well being? *Did that event occur?* If you are satisfied beyond a reasonable doubt that that *event happened*, then the next consideration . . . is whether or not this defendant, Leo Jansen, somehow aided in that event, aided in that armed robbery." (Emphasis added.)

No elements other than those specified by the trial judge appear in the accomplice statute. The enumeration of certain elements in a statute implies the exclusion of those not enumerated. *In re Gamble*, 118 N.H. 771, 777, 394 A.2d 308, 311 (1978). Thus, we interpret the statute's language to exclude the guilt of the named principal as an element necessary for the conviction of an accomplice.

Because the cases relied upon by the defendant which require proof of the principal's guilt as an element of the State's burden were decided under statutes which have since been supplanted by the accomplice statute, we find that the trial court correctly instructed the jury as to the elements necessary to convict the defendant.

*Exceptions overruled; affirmed.*

All concurred.