Grafton
No. 81-025

THE STATE OF NEW HAMPSHIRE

v.

RICHARD B. LANGDON

December 8, 1981

*Gregory H. Smith,* attorney general (*Michael A. Pignatelli,* attorney, on the brief and orally), for the State.

*Judith Kasper,* of Hanover, by brief and orally, for the defendant.

BOIS, J. This appeal arises from a jury verdict finding the defendant guilty of aggravated felonious sexual assault under RSA 632-A:2 (Supp. 1979). The only issue which the defendant presents on appeal concerns the propriety of the Trial Court's (*Johnson,* J.) jury instructions. The defendant challenges the court's charges regarding the reasonable doubt standard, the guidelines for assess-

ing credibility, and the amount of proof necessary for conviction. We find no error and affirm.

The defendant was charged with sexually assaulting his fourteen-year-old half-sister in March 1980. The victim, who was the sole witness in the State's case-in-chief, testified that the defendant compelled her to have sexual intercourse with him in his bedroom.

Counsel for the defense attempted to discredit the victim by revealing inconsistencies in her story. The defense called as a witness the victim's mother, who testified that her daughter told conflicting stories regarding the place of the alleged incident. The mother's testimony, which her boyfriend corroborated, indicated that the victim initially said that the incident occurred on the living room couch, but that she subsequently stated that it occurred in the defendant's bedroom. In addition to this testimony, defense counsel focused upon evidence showing that the victim had a prior history of truancy and juvenile delinquency. Counsel argued that the victim lacked credibility in light of this evidence and the inconsistencies in her story. Nonetheless, the jury found the defendant guilty.

The defendant first challenges the court's instruction on the reasonable doubt standard, which provided in pertinent part:

> "[T]he State has to prove that a person is guilty beyond a reasonable doubt, and this is as to all the elements of the crime. *The State does not have to prove that each and every statement that a person has made comes up to that standard . . . [It] does not have to prove beyond a reasonable doubt that the event took place in the bedroom or on the couch . . .* but they *have to prove that there was this event.* Now this concept of a reasonable doubt means exactly what the term should imply. It is a doubt that is based upon reason, it is based upon thinking. It is not a doubt that is a fanciful doubt, it is not some doubt that can be explained away easily, it is not some frivolous doubt, it is a doubt based upon reason that the state must prove that as to their key elements that there has been proof beyond a reasonable doubt."

(Emphasis added.) The defendant argues that the "bedroom vs. couch" language parroted the State's position and unfairly favored the prosecution.

We note at the outset that this issue would not have arisen if the trial court had followed the model instruction which we set forth, almost three years ago, in *State v. Wentworth*, 118 N.H. 832, 838–

39, 395 A.2d 858, 862–63 (1978). Therefore, we strongly reemphasize our previous position that trial judges should refrain from altering the *Wentworth* charge. *See State v. Aubert*, 120 N.H. 634, 638, 421 A.2d 124, 127 (1980).

Although the language challenged by the defendant somewhat resembled a statement that the prosecution made in its closing argument, we find that it neither "lent credence to the State's argument" nor "unduly emphasize[d] the theory of the prosecution." The challenged wording clearly constituted an accurate statement of the law. *See State v. Nelson*, 103 N.H. 478, 486, 175 A.2d 814, 820 (1961), *cert. denied sub nom. Nelson v. New Hampshire*, 369 U.S. 879 (1962). Furthermore, the defense had focused upon the discrepancies in the victim's story regarding the place of the alleged incident, and there was a strong possibility of jury confusion as to the relevance of the "bedroom vs. couch" dispute. In light of these circumstances, we find that the trial court's instruction actually tended to reduce the likelihood of jury confusion.

We must evaluate the effect of the disputed charge in the context of the overall instruction, not in artificial isolation. *State v. Donovan*, 120 N.H. 603, 609, 419 A.2d 1102, 1106 (1980); *State v. Belkner*, 117 N.H. 462, 471, 374 A.2d 938, 944 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973)). In addition to the language quoted above, the trial judge instructed the jury that "the person who is charged with a crime has no burden of proof whatsoever" and the "presumption that he is not guilty is his at the start of the trial and stays with him until the State overcomes [it] . . . ." The trial court also explained that the defendant had a constitutional right not to testify, and that his failure to take the stand should not influence the jury's decision. After reviewing these statements, we find that the challenged instruction, as a whole, "conveyed the correct concept of reasonable doubt." *State v. Donovan supra* (quoting *State v. Belkner supra*); *see State v. Wentworth*, 118 N.H. at 838–39, 395 A.2d at 862–63.

The defendant also challenges the trial court's instructions regarding the guidelines for assessing credibility. In his closing instructions, the trial judge stated on several occasions that the jury could consider the age of a witness in determining that witness' credibility. He further explained that evidence of a witness' past truancy is not conclusive proof of any fact, and the jury should use this evidence only in evaluating the witness' credibility. The defendant claims that the trial judge, by frequently commenting on the respective relevance of age and truancy, effectively

urged the jury to accept the inconsistent testimony of the fifteen-year-old victim.

This argument is unpersuasive. Although questions of credibility are exclusively within the province of the jury, *United States v. Thompson*, 615 F.2d 329, 332 (5th Cir. 1980), the trial judge may assist the jury by setting forth factors for determining credibility. *See United States v. Partin*, 493 F.2d 750, 760 (5th Cir. 1974). The trial court, of course, must refrain from expressing its opinion of the witnesses' credibility. *Commonwealth v. Sneed*, 383 N.E.2d 843, 845 (Mass. 1978); *see* ABA STANDARDS FOR CRIMINAL JUSTICE, STANDARDS RELATING TO TRIAL BY JURY § 15-3.8 (1980). Nonetheless, subject to this limitation, the trial court may explain the relationship between the age and credibility of a minor who was allegedly sexually assaulted. *See Barnard v. State*, 88 Wis. 656, 660–61, 60 N.W. 1058, 1059–60 (1894); *cf. State v. Hatters*, 184 Iowa 878, 881–82, 169 N.W. 113, 114 (1918).

We find that the trial judge in this case set forth fair and neutral guidelines for assessing credibility. In addition to the disputed comments regarding the significance of age, he stated that the jury could determine credibility by considering the experience, possible embarrassment, motive and appearance of the witnesses, as well as the consistency of the witnesses' stories, and the passage of time between the alleged incident and notification of the police. The trial judge emphasized that the jury was the sole finder of fact, and he never stated his view of the complaining witness' credibility. Furthermore, the trial court properly explained that evidence of the victim's truancy was admissible only on the question of her credibility. *See* 3A WIGMORE, EVIDENCE § 922, at 726 (Chadbourn rev. 1970). *See also State v. Cote*, 108 N.H. 290, 295, 235 A.2d 111, 114–15 (1967) (quoting *Spencer v. Texas*, 385 U.S. 554, 560–61 (1967)), *cert. denied sub nom. Cote v. New Hampshire*, 390 U.S. 1025 (1968). Reading the instructions on credibility as a whole, we conclude that they were neither "argumentative" nor "slanted in favor of the State," nor would they have a tendency to mislead a jury.

Finally, we dismiss the defendant's argument that the trial court incorrectly instructed the jury on the amount of proof necessary for a conviction. The defendant contends that the instructions regarding "proof" were defective, because the indictment charged the defendant as both a resident of the victim's household and a blood relative, while the trial court explained that proof of only one of these elements was sufficient for a guilty finding.

The court's instruction, phrased in the disjunctive, was in accord with RSA 632-A:2 (Supp. 1979), which provides that a person is guilty of aggravated felonious sexual assault when he "is a member of the same household as the victim, *or* is related by blood or affinity to the victim. . . ." (Emphasis added.) Although the indictment is phrased in the conjunctive, a disjunctive instruction paralleling specific statutory language is adequate where the indictment has given the accused sufficient notice of the charges against him and the proof necessary for a conviction. *State v. Bergeron*, 115 N.H. 70, 73, 333 A.2d 721, 723–24 (1975). *See State v. Merski*, 121 N.H. 901, 914, 437 A.2d 710, 718 (1981). The defendant's indictment provided the requisite information, and we hold that "there was no prejudice occasioned by the discrepancy between the [indictment] and the instruction to the jury." *Id.* at 73, 333 A.2d at 724.

*Exceptions overruled; affirmed.*

All concurred.