Hillsborough
No. 80-340

THE STATE OF NEW HAMPSHIRE

v.

EDWIN N. THRESHER

February 12, 1982

64

.

*Gregory H. Smith,* attorney general (*Richard C. Nelson,* assistant

attorney general, & a. on the brief, and *Michael A. Pignatelli*, attorney, orally), for the State.

*Holland & Aivalikles P.A.*, of Nashua (*Francis G. Holland* on the brief and orally), for the defendant.

KING, C.J. The defendant appealed to this court from convictions of second-degree murder and robbery in the Hillsborough County Superior Court (*Souter*, J.). The defendant argues that errors in the indictment and errors throughout the trial, including errors in the admission of evidence and instructions to the jury, and errors in sentencing, warrant reversal. We disagree and affirm the trial court's decision.

Late in the evening of October 25, 1979, the defendant, Edwin N. Thresher, another man, John Gillen, and the victim, Thomas Morris, were at a restaurant in Manchester, New Hampshire. The police were summoned to remove the victim because he was intoxicated. At the restaurant, the defendant told the police that he would take the victim home and, as a result, the police left the victim in the defendant's care.

The record contains evidence that two men and the victim left Manchester and some time early on October 26, 1979, ended up in a remote area of Litchfield, New Hampshire, known as the "Three Fields." The men dragged the victim out of the car and demanded his money. Both men kicked the victim. Gillen was wearing sneakers, but Thresher was wearing heavy work boots. After Thresher had beaten the victim and hit him with a bottle, the two men moved his body to the woods where hunters discovered it on November 2, 1979.

In December 1979, the defendant, Edwin Thresher, and the co-defendant, John Gillen, were indicted for robbery and second-degree murder. In May 1980, the co-defendant pleaded guilty and agreed to testify for the State. Later that month, the defendant went to trial on the two indictments.

Prior to trial, the trial court granted the State's motion to amend the indictment in order to change the victim's date of death from October 27, 1979, to October 26, 1979. The defendant argues that the court improperly granted the motion. We disagree.

 This court held in *State v. Spade*, 118 N.H. 186, 385 A.2d 115 (1978), that an amendment of a date in the indictment is permissible unless the date itself is an element of the offense charged. *Id.* at 189, 385 A.2d at 117. An exact date is not an element of either robbery, RSA 626:1, or murder, RSA 630:1-b. Although the date of death was an issue at trial, the defendant was not preju-

diced by the State's amendment, which occurred prior to the start of the trial. *See State v. Darcy*, 121 N.H. 220, 223, 427 A.2d 516, 518 (1981); *State v. Spade*, 118 N.H. at 189–90, 385 A.2d at 117.

The defendant's next argument involves the wording of the indictment which stated that he

> ". . . did commit the crime of second degree murder in that he did, in concert with and aided by John M. Gillen, knowingly cause the death of Thomas M. Morris, age 82, by beating and slashing the said Thomas M. Morris about the head and chest with hands, feet, and a bottle, thereby causing his death. . . ."

The robbery indictment was worded in a similar fashion and employed the language of "in concert with."

The defendant contends that the trial court erred in interpreting the language of the indictments as charging him as a principal and/or accomplice rather than only as a principal. He claims that, because the charge in this case is murder, only one person inflicted the fatal blow. He contends, therefore, that the "in concert with" language should have been interpeted as charging him as a principal. In *State v. Morin*, 111 N.H. 113, 276 A.2d 476 (1971), this court interpeted the "in concert with" language as charging the defendants as accomplices. *Id.* at 116, 276 A.2d at 478. Although the crime in *Morin* was aggravated assault rather than murder, we cannot agree with the defendant that this distinction removes the instant case from the *Morin* analysis. The defendant could have been found guilty of second-degree murder whether he was the principal or accomplice.

RSA 626:8 states that "[a] person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both." RSA 626:8 I. "Legally accountable" is defined as including being "an accomplice of such other person in the commission of the offense." RSA 626:8 II(c). This court has interpreted RSA 626:8 as eradicating the distinctions between principal and accomplice, *State v. Jansen*, 120 N.H. 616, 618–19, 419 A.2d 1108, 1110 (1980); *State v. Morin*, 111 N.H. at 116, 276 A.2d at 478, and, therefore, we find no error in the trial court's interpretation of the indictment as charging the defendant as either a principal or accomplice.

The indictment for second-degree murder stated that death was caused by beating "with hands, feet and a bottle." Before trial, the defendant made a motion to dismiss and, alternatively, a motion

for a bill of particulars which would state the exact cause of the victim's death. The trial court denied the defendant's motions, and the defendant argues that the trial court's denial was incorrect. We disagree.

■■ The indictment need not state the exact cause of death, RSA 601:6 (Supp. 1979), provided that all the elements of the crime charged are alleged, *State v. Inselburg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974), with sufficient specificity that the defendant can prepare his defense. *State v. Fields*, 119 N.H. 249, 253, 400 A.2d 1175, 1177 (1979) (citations omitted); *State v. Manchester News Co*, 118 N.H. 255, 257, 387 A.2d 324, 326–27, *appeal dismissed*, 439 U.S. 949 (1978); *see* RSA 601:4. Here, the indictment stated the necessary information, *see State v. Merski*, 121 N.H. 901, 914, 437 A.2d 710, 718 (1981); *State v. Taylor*, 121 N.H. 489, 495, 431 A.2d 775, 778 (1981), and the trial court properly denied the defendant's motions. *See State v. Underwood*, 110 N.H. 413, 415, 270 A.2d 599, 601 (1970).

■ In asserting that the jury instructions based on the indictments were improper, the defendant again raises arguments about the wording of the indictments. The court instructed the jury that if it found that the defendant had committed all of the acts necessary for murder *or* if he had committed the acts in conjunction with Gillen, provided he was accountable for Gillen's acts, then it could find him guilty of murder. Because this charge is consistent with RSA 626:8, defining principal and accomplice liability, and because we have already determined that the trial court's interpretation of the indictment as charging the defendant as a principal or accomplice was valid, these jury instructions were proper. *See State v. Langdon*, 121 N.H. 1065, 1070, 438 A.2d 299, 302 (1981).

■■ Likewise, the jury instructions pertaining to the date of death and the acts that caused death were proper. As we have stated, the State need not prove an exact time of death, *see* W. LAFAVE and A. SCOTT, HANDBOOK ON CRIMINAL LAW § 68, at 539, nor the medically precise cause of death, *see id.* § 35, at 249–50, because neither factor is an element of murder. The trial court, therefore, properly instructed the jury that the defendant could be found guilty of second-degree murder even if the State had not proved the exact date or cause of the victim's death. *See State v. Langdon*, 121 N.H. at 1070, 438 A.2d at 302; *State v. Carroll*, 120 N.H. 458, 460, 417 A.2d 8, 10 (1980).

The defendant moved to suppress the testimony of the accomplice, John Gillen, who was to testify for the State. The trial court

denied the motion, and the defendant argues that the denial was improper because the State offered no evidence to corroborate his testimony. We disagree.

In *State v. Fraser*, 120 N.H. 117, 411 A.2d 1125 (1980), this court stated that "[t]he testimony of an admitted accomplice, standing alone, is sufficient to sustain a verdict." *Id.* at 122, 411 A.2d at 1128; *see State v. Rumney*, 109 N.H. 544, 545, 258 A.2d 349, 350 (1969), *cert. denied*, 397 U.S. 1051 (1970).

Even if Gillen, through his testimony, denied being an accomplice, his testimony as an eyewitness at the scene of the crime was admissible without corroborative testimony. The admissibility of evidence is generally within the discretion of the trial court. *See State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980). Once evidence is admitted, the jury can determine whether to believe all, part or none of it. *See State v. Scarlett*, 121 N.H. 37, 40, 427 A.2d 25, 27 (1981); *State v. Fraser*, 120 N.H. at 122, 411 A.2d at 1128. *See Appeal of McKenney*, 120 N.H. 77, 81, 412 A.2d 116, 118 (1980). Because the weight of Gillen's testimony depended on his credibility, and credibility is for the jury to determine, the trial court properly allowed the jury to hear the witness. *See State v. Hardy*, 120 N.H. 552, 554, 419 A.2d 398, 400 (1980); *State v. Dupuy*, 118 N.H. 848, 853, 395 A.2d 851, 854 (1978).

The defendant also sought to suppress the admission of his boots into evidence and any testimony regarding the blood found on the boots. Again the trial court denied the defendant's motion to suppress, and we hold that the denial was proper.

The defendant claims that testimony of the State's witness who identified the boots as the ones the defendant was wearing the night of the murder was not credible. Additionally, the defendant argues that the State proved that the blood was human blood, but did not prove what type human blood it was or how long the blood had been on the boots. These arguments attack the weight and credibility of the evidence rather than its admissibility. Evidence is admissible if it may be of aid to the jury. *State v. LaFountain*, 108 N.H. 219, 221, 231 A.2d 635, 637 (1967). Here, the evidence concerning the boots and the blood could be found to be helpful to the jury and should have been admitted. The jury could then judge the weight and credibility of the evidence admitted. *See State v. Hardy*, 120 N.H. at 554, 419 A.2d at 400; *State v. Osborne*, 119 N.H. 427, 436, 402 A.2d 493, 499 (1979). Because the State laid an adequate foundation for the admission of the boots and the blood, the trial court properly admitted them as evidence.

*See State v. Scarlett*, 118 N.H. 904, 905, 395 A.2d 1244, 1245 (1978).

During the trial, the defendant sought to cross-examine John Gillen after Gillen had stated that he had never been "involved" with anyone's death before he witnessed the death of the victim. The defendant wanted to question Gillen concerning a previous instance when Gillen had seen someone die. The trial court refused to permit the defendant to question Gillen about the previous incident because Gillen's statements regarding the incident were made during treatment to a psychiatric nurse who was under the supervision of a physician. At the time he made the statements, Gillen asked the nurse to keep the information confidential.

Whether to allow cross-examination is generally within the discretion of the trial judge, but cross-examination cannot be denied if the inquiry is proper. *State v. Ramos*, 121 N.H. 863, 867, 435 A.2d 1122, 1124 (1981). In this case, the inquiry sought was improper because it was presumptively privileged.

The physician-patient privilege, RSA 329:26 (Supp. 1979), and the psychologist-patient privilege, RSA 330-A:19 (Supp. 1979), clearly protect Gillen's communications. The privilege, however, is not absolute and can be waived by the witness. *See generally State v. Merski*, 121 N.H. 901, 911, 437 A.2d 710, 715 (1981). Additionally, the trial court can allow the admission of privileged information if the admission is "essential and reasonably necessary to permit counsel adequately to cross-examine for the purpose of showing unreliability or bias." *State v. Farrow*, 116 N.H. 731, 733, 366 A.2d 1177, 1179 (1976); *see State v. Kupchun*, 117 N.H. 412, 415, 373 A.2d 1325, 1327 (1977); *cf. State v. LaClair*, 121 N.H. 743, 745–46, 433 A.2d 1326, 1329 (1981).

After dismissing the jury, the trial court conducted a hearing regarding the admissibility of this evidence. During the hearing, Gillen explained he had not intended his testimony to indicate that he had never seen anyone die, but rather that he had never been involved in anyone's death. Because the witness had not waived his privilege and because his testimony was such that use of the privileged information was not essential to the defense, the trial court properly refused to permit the disclosure of the privileged communications. *See Davis v. Alaska*, 415 U.S. 308, 321 (1974) (Stewart, J., concurring).

At the conclusion of the State's case, the defendant moved to have the robbery charge dismissed, claiming that the State had produced insufficient evidence to sustain a guilty finding. The trial court denied the motion, and we agree with its denial. In judging

the sufficiency of the evidence, this court will view the facts in the light most favorable to the prosecution in determining whether "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Martin*, 121 N.H. 1032, 1033, 437 A.2d 308, 309 (1981) (citations omitted); *State v. Gilbert*, 121 N.H. 305, 313, 429 A.2d 323, 329 (1981); *see Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

In asserting that the State's evidence was insufficient for a finding of robbery, the defendant argues that the State had not proved that force had been used "in the course of committing a theft" as required by RSA 636:1 I. "In the course of" is defined as force used prior to the theft or after the theft in an attempt to retain the stolen property, or in the course of flight immediately after the theft. RSA 636:1 II. The force used need not be force that causes serious bodily injury, *see* RSA 636:1 III(c) (if serious bodily injury inflicted, robbery is a class A felony), and therefore, the trial court could have found that the force used in dragging the victim from the car was sufficient for a finding of robbery. Additionally, because the language of the statute liberally defines "in the course of," the trial court could have found the beating of the victim was sufficiently proximate in time to the theft to support a finding of robbery.

Additionally, the jury could have found the defendant guilty of robbery as a class A felony. Robbery as a class A felony is defined as a robbery where serious bodily injury is inflicted. RSA 636:1 III(c). The serious bodily injury, however, need not be inflicted "in the course of" the theft, provided that *some* force is used in the course of the theft and the infliction of serious bodily injury occurs at some point during the robbery. *See id.* The trial court, therefore, properly denied the defendant's motion to dismiss the robbery charge. *See State v. Reardon*, 121 N.H. 604, 605, 431 A.2d 796, 797–98 (1981); *State v. Taylor*, 121 N.H. 489, 492, 431 A.2d 775, 777 (1981).

The defendant also contends that the jury instructions were improper on the robbery charge because the instructions separated the act of serious bodily injury and the act of force in conjunction with the theft. We believe these instructions were consistent with the robbery statute, RSA 636:1, and, therefore, the instructions to the jury were proper.

At some point during the trial, the State obtained information that a juror in the jury pool, who had been excused before jury selection, had known the defendant and may have spoken to other

jurors about him. At this point, the defendant moved for a mistrial claiming juror taint, but the trial court, after individually questioning the jurors who had been selected to sit on the case, subsequently excused one juror and denied the defendant's motion. *See State v. Donovan*, 120 N.H. 603, 606–07, 419 A.2d 1102, 1104 (1980).

■ The trial court's questioning of the jurors did not reveal any prejudicial information. The court inquired if anyone who knew the defendant had spoken to any of the jurors. With the exception of one juror, all answered in the negative. The one juror who had heard someone admit to knowing the defendant stated that he had not heard that person's opinion on the defendant's character. Nevertheless, the juror was excused. The trial court reasonably concluded that the remaining jurors could render a fair verdict. *See State v. Gullick*, 120 N.H. 99, 102, 411 A.2d 1113, 1115, *cert. denied*, 449 U.S. 879 (1980); *State v. Laaman*, 114 N.H. 794, 800, 331 A.2d 354, 358–59, *cert. denied*, 423 U.S. 854 (1975); *State v. White*, 105 N.H. 159, 161, 196 A.2d 33, 34 (1963), *cert. denied*, 379 U.S. 854 (1964). There was no error in the trial court's denial of a mistrial, because there was no evidence that justice would not be done if the trial continued. *See State v. Pugliese*, 120 N.H. 728, 730, 422 A.2d 1319, 1320–21 (1980); *State v. Booton*, 114 N.H. 750, 757, 329 A.2d 376, 382 (1974), *cert. denied*, 421 U.S. 919 (1975).

The last issue raised by the defendant is whether the trial court should have deferred sentencing the defendant because the pre-sentencing report was prepared before the conclusion of the trial and, therefore, did not take into account the defendant's allegation that testimony of John Gillen was inconsistent. For these reasons, the defendant argues that the pre-sentencing report was defective and that the trial court improperly relied on the report. We disagree.

■ The pre-sentence investigation statute, RSA 651:4 (Supp. 1979), was substantially complied with in this case. *See Roy v. Perrin*, 122 N.H. 88, 99–100, 441 A.2d 1151, 1158 (1982); *State v. Schulte*, 119 N.H. 36, 39, 398 A.2d 63, 65 (1979). We find no reversible error in the trial court's reliance on the report even though it was prepared before the conclusion of the trial. The credibility of Gillen's testimony was evaluated by the jury and by the judge, who had presided at the trial and was able to draw his own conclusions about the significance and value of the testimony. For the forego-

ing reasons, we find no merit in the defendant's claim that the sentencing was improper.

*Affirmed.*

BATCHELDER, J., did not participate; the others concurred.