Merrimack
No. 84-133

### THE STATE OF NEW HAMPSHIRE

v.

### NORMAN R. BATCHELDER, JR.

July 1, 1985

*Peter W. Mosseau,* acting attorney general (*Donald J. Perrault,* assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

SOUTER, J. In this appeal from his conviction for attempted escape, RSA 642:6 and RSA 629:1, the defendant presses two claims that the Superior Court (*O'Neil,* J.) committed error. We affirm.

The first claim rests on the defendant's belief that the prosecutor in his closing argument mischaracterized a deputy sheriff as an

eyewitness and misstated the witness's testimony. The defendant claims that the trial court failed to give an instruction to the jury sufficient to cure the prosecutor's supposed impropriety.

The deputy sheriff testified that he had heard the sound of sawing at the same time that he had seen the defendant kneeling in a cell next to a bar later found to have been partially cut by a saw. He said that when his eyes met the defendant's eyes the sound of sawing stopped, and the defendant rose and went to the cell's commode, which he flushed. A hacksaw blade was later found in the commode. The witness did not testify that he had seen the saw blade in the defendant's hand.

In final argument the prosecutor referred to the deputy sheriff as an eyewitness to the crime, to which defense counsel objected. The trial judge overruled the objection and refused to give any curative instruction. Later, the prosecutor argued that the deputy sheriff had seen the defendant "on one knee . . . crouched down, sawing behind the bars." As the prosecutor began to explain how the witness knew that the defendant was sawing, defense counsel objected. This time the trial judge instructed the jurors to take their own recollection of the witness's testimony. The prosecutor proceeded to argue that the witness knew that the defendant was doing the sawing because the sawing stopped when their eyes met.

The defendant maintains that it was improper to argue that the witness was an eyewitness to the crime when he had not seen the saw in the defendant's hand, and to argue later that the witness had seen the defendant sawing the bar. In essence, the defendant claims that the prosecutor's argument mischaracterized the evidence, and impermissibly argued material facts not in evidence. *See State v. Roach*, 82 N.H. 189, 193, 131 A. 606, 608 (1926); R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 805 (1980).

■ We find no impropriety by the prosecutor or error by the court. The jury could find that the witness had perceived the defendant while the latter was attempting to saw a bar, even though the witness did not actually see the saw. It was therefore accurate to speak of the witness as an eyewitness. Moreover, the prosecutor made it clear that he did not claim that the witness had literally seen the saw in the defendant's hand. Rather, he argued that the jury should infer that the defendant had been sawing because of the circumstances in which the sound of sawing stopped. In so arguing the prosecutor did not misstate the evidence or argue any inference not reasonably to be drawn. *See State v. Rullo*, 120 N.H. 149, 153, 412 A.2d 1009, 1012 (1980). The argument and the trial court's response were proper.

■ The defendant's second claim is that the court improperly gave an instruction on evaluating eyewitness testimony, *see State v. Burke*, 122 N.H. 565, 571, 448 A.2d 962, 966 (1982), and that this instruction reinforced the prejudice created by the prosecutor's argument. We find that the *Burke* instruction was proper. The defendant called a witness who had been in the cell with the defendant at the time in question, who testified that it was he who had crouched by the damaged bar and had used the saw to cut the bar. This was a sufficient basis to place in issue the identity of the person whom the deputy sheriff claimed to have seen crouching, and it was appropriate to instruct the jury on relevant considerations for evaluating eyewitness identifications.

*Affirmed.*

All concurred.